Graham, Judge,
delivered the opinion of the court:
The plaintiff, an Indian, received income from royalties on oil lands which were tax exempt, and, it is conceded, should not have been taxed in the first place. It is also true that if the refund in proper form and in compliance with the statute had been filed within the statutory period the Commissioner of Internal Revenue would have had to refund the tax.
On March 8,1920, the plaintiff filed her income-tax return, which showed income derived exclusively from proceeds of *647 oil extracted from lands which, as stated, were tax exempt. She attached to her return a written protest against the taxation of this income. Payments were made of the tax on March 8, June 15,. September 28, and December 17, 1920, and an additional sum on January 31, 1921, a further tax having been found to be due. Payments were made by check, and each check save one of June 14,1920, bore thereon stamped the notation “ Nontaxable. Paid under protest."
Thereafter, on May 2, 1927, the. plaintiff filed claims for refunds, and on June 18 and November 9, 1927, the Commissioner of Internal Bevenue rejected the claims on the ground that they could not be paid under the law, since they were not filed within four years from the dates of payment of the taxes. As heretofore stated, plaintiff at the time of filing her returns also filed a written protest.
The plaintiff’s claims under section 3228[1] of the Revised Statutes as amended, 42 Stat. 314, were filed too late, that statute requiring claims for refund to be filed within four years after payment of the tax. Furthermore, it has been repeatedly held by this and other courts that a claim for refund must be filed - within the prescribed time, with the proper authority, stating the grounds for the claim. See Feather River Lumber Co. v. United States, decided May 28, 1928 [66 C. Cls. 54]; Stauffer, Eshleman & Co. v. United States, decided October 15, 1928 [66 C. Cls. 277]; Ritter v. United States, 28 Fed. (2d) 265; United States v. Richards, 27 Fed. (2d) 284, certiorari denied by Supreme Court September, 1928; Rock Island, etc., R. R. Co. v. United States, 254 U. S. 141; and Tucker v. Alexander, 275 U. S. 228.
The Government can be sued only when and as it consents, and where it has prescribed the acts and forms for bringing an action against it, those acts and forms must be strictly complied with. It has stated in its statutes that a claim for refund in writing must be filed within four years after payment of tax, stating the grounds for the claim. The plaintiff has failed to do this and clearly has not complied *648 with the requirements of the statute which would give her the right to sue in this court, and the petition should be dismissed, and it is so ordered.
SiNNOtt, Judge; GeeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.

 All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * must be presented to the Commissioner of Internal Revenue within four years next" after payment of such tax * * *.