## OSBORN v. UNITED STATES.

### No. L–289.

Court of Claims.

Dec. 7, 1931.

Raymond H. Berry and Arthur R. Wood, both of Detroit, Mich. (C. Frederic Stanton, of Detroit, Mich., on the brief), for plaintiff.

Bradley B. Gilman, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The sole question involved in this case is the fair market value of a tract of land as of March 1, 1913. Prior to 1913 the plaintiff was the owner of certain real property on the outskirts of the city of Lansing, Mich., more particularly described in the special findings of fact.

During the year 1919 the plaintiff sold the tract of land and made his income tax return for that year in which he placed the fair market value of the property as of March 1, 1913, at $100,000. Upon an audit of the income tax return of the plaintiff, the Commissioner of Internal Revenue reduced the fair market value of the property to $57,400, and with other minor adjustments, conceded to be correct, assessed and collected, under protest, from February 20, 1925, an additional tax with interest in the sum of $14,066.14. A timely claim for refund was filed by plaintiff and rejected by the Commissioner of Internal Revenue on August 1, 1928.

Section 202 (a) of the Revenue Act of 1918, 40 Stat. 1057, 1060, provides: "That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date. * * * "

This case was referred to a commissioner of this court to take the testimony of witnesses who were familiar with the values of

real estate in and around the city of Lansing, Mich., and he has filed a report in which the fair market value of the property, as of March 1, 1913, is placed at $110,100. Neither side has taken exception to the report of the commissioner. We have carefully examined the evidence and are of the opinion that a preponderance of the evidence clearly justifies the fair market value of the property as of March 1, 1913, to be $110,100, the amount found by a commissioner of this court.

With the tax computed on this valuation, and allowing for the adjustments made by the Commissioner of Internal Revenue in the audit of the tax return of the plaintiff, which are admitted to be correct by the plaintiff, the plaintiff is entitled to recover the amount which he had to pay as additional assessment on February 20, 1925.

The defendant contends that if the March 1, 1913, value of the property in question of $57,400 used by the Commissioner of Internal Revenue in his determination of the additional tax, which is here sought to be recovered, was too low, the plaintiff is limited to the amount which he may recover in this suit to $12,639.71 on the ground that the March 1, 1913, value of the property was stated in the return filed by him for 1919 at $100,000 and that the claim for refund contained the statement that the value was correctly stated in the return. It is urged by the defendant that the amount which may be recovered in this suit must be limited by the terms of the claim for refund. We find no merit in this contention of the defendant. A taxpayer is not precluded in a suit from recovering the true overpayment of tax merely because he may have made a mistake in arriving at the figure in the return, or because, upon information available to him at the time, he may have stated a value for property in the determination of gain or loss that was below its true value. Nor is a taxpayer limited in a suit to recover an overpayment computed upon a value which may have been stated in the return and repeated in the claim for refund where the Commissioner of Internal Revenue refuses to allow the claim and determines a smaller value. Neither the statute nor the regulations with reference to a claim for refund require that figures stated therein in support of the claim shall be set forth with absolute accuracy. It would be going far beyond the purpose and intent of the statute and the regulations relating to claims for refund to hold that, when a taxpayer files a claim for refund and sets as the basis thereof the March 1, 1913, value of certain property, he is forever thereafter barred from recovering a refund in excess of the amount resulting from a value which may be set forth in the claim in support of the grounds thereof. This taxpayer in his claim for refund, after stating the basis thereof, submitted to the commissioner as the facts in support of the grounds of the claim a number of affidavits of other persons relative to the March 1, 1913, value. When the Commissioner of Internal Revenue rejected the claim for refund and the taxpayer brought suit to recover the overpayment, "or such greater amount as may be legally refundable," the question of the correct fair market value of the property on March 1, 1913, was entirely open to be determined on the basis of the proof submitted by the taxpayer; there being no question made as to the basis or grounds of the claim for refund upon the rejection of which this suit is predicated. Electric Storage Battery Co. v. McCaughn (D. C., E. D. Pa.) 54 F.(2d) 814, decided October 10, 1931, P-H Fed. Tax Service, vol. 2, 1931, par. 2080. This suit is based upon the ground as set forth in the claim for refund, to wit, the March 1, 1913, value of property.

Plaintiff is entitled to judgment in the sum of $14,066.14, with interest at 6 per cent. per annum from February 20, 1925, in accordance with section 177 (b) of the Judicial Code, as amended by the Revenue Act of 1928 (28 USCA § 284 (b).

It is so ordered.