## DIXIE MARGARINE CO. v. UNITED STATES.

### No. 43050.

Court of Claims.

Nov. 4, 1935.

George N. Murdock, of Chicago, Ill., for plaintiff.

J. H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The defendant has interposed a demurrer to the petition on the ground that even admitting the facts as alleged are true, nevertheless, the court is without jurisdiction because the plaintiff has failed to allege a refund claim was filed with the Commissioner within four years after the payment of the tax sought to be recovered. The facts alleged in the petition are:

During the period from March 15, 1923, to June 10, 1931, plaintiff was engaged in the manufacture and sale of a product composed of mixtures of vegetable oils, salt, skim or powdered milk, and water, with and without artificial coloring matter. The Bureau of Internal Revenue construed the Oleomargarine Act, being section 2 of the Act of August 2, 1886 (26 USCA § 970 and note), and section 8 of that act as amended by section 3 of the Act of May 9, 1902 (26 USCA § 971 note), as applicable to plaintiff's product, and accordingly during the aforementioned period plaintiff paid various amounts as a tax on its product.

November 30, 1929, plaintiff filed a claim for refund of the amounts which had been so paid from December 1, 1925, to October 30, 1929, and included therein claim for such greater amount as was legally refundable. The claim was rejected by the Commissioner of Internal Revenue December 26, 1929, and on December 17, 1931, plaintiff filed a suit in a district court for the recovery of the amount sought to be recovered in the claim for refund.

September 14, 1931, plaintiff filed a claim for refund of the amounts paid from November 1, 1929, to July, 1931, and that claim was rejected by the Commissioner December 14, 1931.

February 15, 1932, the Supreme Court decided the case of Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422, in which it was held that a product of the character of that of plaintiff did not come within the taxing statutes. The Commissioner accordingly on or about April 7, 1932, reopened the two claims referred to above and refunded to plaintiff the amounts paid during the periods specifically mentioned in those claims.

The amounts refunded, however, did not include $87,412 which had been paid by plaintiff between March 15, 1923, and December 1, 1925, and this action is for the recovery of that amount.

Section 3226 of the Revised Statutes, as amended (26 USCA §§ 1672–1673) provides in part that "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Sec-

retary of the Treasury established in pursuance thereof."

And section 3228 of the Revised Statutes, as amended (26 USCA § 1433) provides that "All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

The only claims for refund filed by plaintiff were those filed on November 30, 1929, for the period December 1, 1925, to October 30, 1929, and on September 14, 1931, for the period November 1, 1929, to July 1931. Obviously those claims do not cover the period March 15, 1923, to December 1, 1925, though plaintiff urges that since the first claim asked for the recovery of the amounts paid for the period from December 1, 1925, to October 30, 1929, and included therein a claim for such greater amount as was legally refundable, the claim should be interpreted to include payments made prior to the period covered by the claim. The exact language of the claim for refund is not set out in the petition, but apparently it is the language found in the claim for refund form commonly used by the Commissioner wherein a given taxpayer may ask for the refund of a specific amount "or such greater amount as is legally refundable." It was not legally refundable because the statute prohibited the Commissioner from refunding or crediting any tax unless claim therefor was filed within four years after payment. Legally he could not refund the tax paid back of that period. What is plainly meant by "or such greater amount as is legally refundable" is that for the period named in the refund claim the taxpayer may recover the amount of the overpayment proved by him to have been made irrespective of the amount set forth in the claim for refund. In other words, he is confined to the period in which he claims a refund but the amount refundable depends on the proof of the amount of overpayment, and he is not confined to the recovery of the amount named in the claim. An incorrect computation of an overpayment can be corrected to show the true overpayment (see Osborn v. United States, 54 F.(2d) 824, 73 Ct. Cl. 333, and International Curtis Marine Turbine Co. v. United States, 56 F.(2d) 708, 74 Ct. Cl. 132), but the period cannot be enlarged or extended. The statute fixes the period in which refunds can be made. When that period has been reached by the four years from the date of the payment of the tax, the jurisdiction of the court is exhausted. Davis v. United States, 67 Ct. Cl. 643; Pacific Mutual Life Insurance Co. v. United States, 44 F.(2d) 887, 71 Ct. Cl. 164. The plaintiff seeks in this case to have the court add 32 months to the period of four years mentioned in the refund claim. If this can be done, then the claim can be enlarged for any greater period. The very statement of the proposition is its own answer. When plaintiff filed its first claim only the four years were included. Evidently at that time it felt the four-year period was binding and conclusive.

The plaintiff in its brief attempts to bring this case within the decision of Hills, Executrix, v. United States, 50 F.(2d) 302, 55 F.(2d) 1001, 73 Ct. Cl. 128. We can find no analogy between the two cases. In the Hills Case the court decided the statute of limitation on the recovery of an estate tax did not begin to run until the entire tax was paid. No such question is involved in the instant case. Returns were made and the tax was paid by plaintiff monthly. The Commissioner has refunded to the plaintiff the full amount set out in the claims as filed and the first claim for refund goes back to the full four-year period. The plaintiff has been paid all that was legally refundable. The facts show that the plaintiff has paid, beyond the statutory period for refunds, amounts it should not have paid but this court has no jurisdiction to entertain a suit for the recovery of these amounts. Any relief to which plaintiff may be entitled must come from the Congress.

The demurrer is sustained, and the petition dismissed. It is so ordered.