## MOHAWK RUBBER CO. v. UNITED STATES.

### No. 43409.

Court of Claims.

Nov. 14, 1938.

Frederick L. Pearce, of Washington, D. C. (Morris, Kix-Miller & Baar, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred. K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff is suing to recover an admitted overpayment of income tax for the year 1928. The material facts are set out in the findings. The plaintiff alleges a timely claim for credit was filed for the year in question. It is only necessary to repeat the facts bearing upon this issue to show that the position of the plaintiff is untenable.

The stipulated facts show that plaintiff, with an affiliated corporation, duly filed consolidated income tax returns for 1926, 1927, and 1928. The entire tax shown on the return for 1928 was, by appropriate agreement of the parties, allocated to, assessed against, and paid by plaintiff in quarterly installments. After the return for 1928 had been made, a revenue agent audited the returns for the three years and recommended an additional tax for 1927 of $43,433.46 and reported an overassessment for 1928 of $34,253.34. The application of the overassessment of 1928 against additional tax for 1927 resulted in the plaintiff apparently being liable for a net additional tax for the two years of $9,180.-12. The plaintiff was furnished a copy of the report dated September 6, 1930, and on December 10, 1930, the taxpayer filed a protest against the report with the internal

revenue agent in charge. The protest was duly forwarded to the Bureau of Internal Revenue by the agent in charge. It is this document which plaintiff contends constitutes a timely claim for credit which would permit recovery in this proceeding.

Although we do not regard them as material, certain proceedings were taken thereafter, among which were the issuance by the Commissioner of a deficiency notice incorporating the same deficiency and overassessment as shown by the report of the revenue agent; the filing by plaintiff of a petition for review by the Board of Tax Appeals; the dismissal of the petition by the Board; an appeal to the Court of Appeals of the District of Columbia; and other actions in reference to the assessment, collection, refund, credit, or abatement of the amounts appearing in the report of the revenue agent. Through all these proceedings no change was made in the amounts of the additional tax and overassessment, as shown by the report of the revenue agent. The correctness of these amounts is confirmed by the stipulation of the parties in this proceeding.

When the Commissioner mailed his deficiency notice for 1927 on March 3, 1931, which included not only the determination of the deficiency but also the overassessment for 1928, he enclosed a blank form of claim for refund and suggested that it be filled out and filed by plaintiff in order to protect it against the running of the statute of limitations for any amount which might ultimately be found to have been overpaid for 1928. However, the plaintiff delayed in following this suggestion and did not file the claim for refund for 1928 until December 12, 1931, over nine months after the refund claim had been sent to it. The claim, as filed, asked for the refunding of $34,253.-34, the exact amount shown in the Commissioner's determination. Section 322 of the Revenue Act of 1928, 26 U.S.C.A. § 322, allowed two years after the payment of the tax in which to file a refund claim. Only the last installment of the tax paid came within that period. The three other installments had been paid more than two years prior to the filing of the claim. The Commissioner refused to recognize the claim for refund as effective for the three installments but did grant the claim for the last quarterly payment for 1928 in the full amount of $20,578.30. In his action on the claim for refund, the Commissioner issued a certificate of overassessment for 1928 in which he showed an overassessment in the amount set out in the revenue agent's report, $34,253.34, and the application of the last quarterly payment of $20,-578.30 as a credit and the disallowed balance of $13,675.04 on the ground that this balance was barred by the statute of limitations, the first three quarterly payments for 1928 having been paid more than two years prior to the date of the filing of the claim for refund.

The plaintiff contends that it is entitled to recover this balance of $13,675.-04 on the basis that the document filed December 10, 1930, in which it makes a protest to the revenue agent's report, and which was within the two year period after the payment of the taxes, was in reality an informal claim for credit and therefore recovery should be had. An examination of the document shows on its face that the plaintiff was questioning the amounts of the items of bad debts disallowed by the revenue agent and the application of these losses as brought forward by the agent's method of application. There was no claim for credit. The document starts off with the words "Herewith protest against additional tax for the years 1927 and 1928 * * *." The agent's report shows the application of the overassessment to the deficiency of $43,433.46 for 1927 and the balance due of $9,180.12 after this application. The ground of the protest was "I can prove the error in bad debts and the difference in loss brought forward." The plain reading of these words is that plaintiff desired to prove the agent had not allowed enough for bad debts and to show that the agent had not correctly brought forward its losses. Naturally, if more bad debts were allowed, it would affect the balance and also make a difference in the "loss brought forward." The increasing of the item of allowable bad debts could affect both the overassessment and the deficiency. A greater allowance could increase the overassessment and diminish the deficiency. Therefore, it is apparent in the document of December 10, 1930, that plaintiff was objecting to the items of bad debts which the revenue agent had not seen proper to allow and his method of bringing forward the losses. The instrument is entirely lacking in the essential elements of a claim for credit. It is well settled that a claim for refund or credit need not be made in any exact form, nevertheless, it

also has been held essential that the taxpayer claiming a refund or demanding a credit make known his contention in such a manner that the Commissioner would be apprised of what he desired. Cf. Gustava D. Anderson v. United States, 6 F.Supp. 851, 79 Ct.Cl. 417. A claim for credit in ordinary, plain language simply means that the taxpayer desires the amount due him to be applied to the amount which he owes. In other words, that he has made an overpayment and an underpayment and he desires that the overpayment be applied and credited to the underpayment, and a balance struck. Applying this test to the document of December 10, 1930, it is plainly apparent that no request or demand is indicated that any amount be credited. On the contrary, its plain meaning is what is plainly and clearly set forth in the words "error in bad debts and the difference in loss brought forward." It is an expression of dissatisfaction with the method of determination of bad debts by the revenue agent and the way the loss was carried over. The report showed that the overpayment had been applied to the underpayment which resulted in a balance due by the taxpayer. Without a request, under the usual Bureau procedure, had the taxpayer accepted the Commissioner's determination, the overpayment would have been credited to the deficiency, provided a timely claim was filed. The action of the plaintiff, in filing a petition with the Board of Tax Appeals and including both the 1928 overpayment and the 1927 deficiency, definitely shows the plaintiff was not seeking a credit but a review of its tax liability on items for both years. There is not the slightest indication of satisfaction with the determination made by the Commissioner but, on the contrary, a protest as to the method of arriving at amounts of bad debts and loss brought forward.

There is a further contention by plaintiff that recovery can be had for the 1928 balance withheld on the ground of equitable credit or recoupment as held in Bull v. United States, 295 U.S. 247, 55 S. Ct. 695, 79 L.Ed. 1421, and followed in Dunigan v. United States, 23 F.Supp. 467, 87 Ct.Cl. ——. There is no analogy between those cases and the instant case. Later decisions hold that the granting of refunds and credits is confined to the limits set by Congress. Specific statutory provisions must be adhered to. No matter how great the equity may be, if the claim does not come within the statutory limits, it cannot be maintained. Andrews v. United States, 17 F.Supp. 980, 84 Ct.Cl. 460; United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; Garbutt Oil Co. v. United States, 9 Cir., 89 F.2d 749, and McEachern v. Rose, 5 Cir., 86 F.2d 231; Id., 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46.

The action of the Commissioner confining his allowance of credit to the last installment of the tax is sustained. The petition is dismissed. It is so ordered.