## LYNCH v. ROGAN.

No. 2484.

District Court, S. D. California, Central Division.

May 21, 1943.

Earl E. Moss, of Los Angeles, Cal., for plaintiff.

Leo V. Silverstein, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

O'CONNOR, District Judge.

This is an action by E.ꞌ A. Lynch as trustee of the estate of American Realty and Development Company, a corporation, bankrupt, to recover $395.24 representing overpaid income taxes for the year 1936.

The name of the bankrupt, American Realty and Development Company, was previously the American Recovery Company, which duly and legally changed its name to that of American Realty and Development Company.

On March 15, 1937 the plaintiff filed a federal income tax return for the year 1936, disclosing income taxes to be due for said year in the amount of $2,197.31, which sum has been duly assessed by the Commissioner of Internal Revenue. That of the said sum reported to be due as income taxes for the year 1936, the sum of $1,647.76 has been paid in three installments, the last of which was on September 15, 1937. On September 28, 1938, the plaintiff filed its voluntary petition in bankruptcy and was adjudicated a bankrupt. The plaintiff has been the duly appointed, qualified and acting trustee of the estate of American Realty & Development Company since October 14, 1938.

The Referee in Bankruptcy determined that the plaintiff overpaid its income taxes for the year 1936. Not until June 7, 1940 did the plaintiff file its claim for refund of $395.24 of the income taxes paid for the year 1936. On January 10, 1942, the claim for refund was rejected. The plaintiff was authorized by the Referee in Bankruptcy to commence and maintain this action on August 15, 1942. The government asserts the statute of limitations in defense of its rejection of the plaintiff's claim for refund. Therefore, the sole issue in controversy is whether the plaintiff can maintain this action.

Section 322(b) (1), Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 322(b),

provides: "Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer." In its reply brief the "plaintiff concedes that the various decisions cited by the government correctly construe Section 322(b) of the Revenue Act of 1936, concerning the period of limitation within which a claim for refund may be filed, and unless Section 11, sub. e of the Bankruptcy Act extends the time for the filing of such a claim, plaintiff's complaint does not state a cause of action."

Section 11, sub. e of the Chandler Act, 11 U.S.C.A. § 29, sub. e states: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be."

Application of sections 11, sub. e supra, 11 U.S.C.A. § 29, sub. e, and 322(b) (1) of the Revenue Act to the facts clearly discloses a limitation upon any action by the plaintiff for refund in the following manner: Pursuant to sec. 322(b) (1), Revenue Act of 1936, the plaintiff was allowed until March 15, 1940 in which to file its claim for refund. The claim was not filed until June 7, 1940. Therefore any rights under this statute were barred.

The intervening adjudication in bankruptcy on September 28, 1938, as contended by the plaintiff, extended the period in which to file the claim until September 28, 1940 pursuant to sec. 11, sub. e of the Chandler Act, 11 U.S.C.A. § 29, sub. e. An examination of the language of this statute does not justify the plaintiff's position. The statute permits the receiver or trustee to "institute proceedings" within the time allowed. Did the filing of the claim for refund constitute the institution of a proceeding within the contemplation of sec. 11, sub. e supra? Mr. Collier in his work on Bankruptcy states with reference to section 11, subdivision e: "Subdivision e operates as a statute of limitations on suits brought in behalf of the estate by the receiver or trustee. The language of the subdivision clearly indicates that it has reference to suits initated subsequent to the time of bankruptcy * * *." 1 Collier on Bankruptcy, 1186, 14th Ed. 2 Bouv. Law Dict., Rawle's Third Rev., p. 2730. The article assumes without expressly declaring that the action authorized by this subdivision of the act contemplated legal proceedings rather than mere formalities of filing a claim for refund. Provision for the action taken by the plaintiff in filing its claim for refund is prescribed in the second sentence of section 11, subdivision e, which is inapplicable under the facts. The failure to file the claim prior to March 15, 1940 precluded the plaintiff from thereafter asserting any right to a refund. "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner * * *" 26 U.S.C.A. Int.Rev.Code, § 3772. The filing of the claim for refund is a condition precedent to maintaining a suit or proceeding. Bryan v. United States, 10 Cir., 99 F.2d 549, certiorari denied 305 U.S. 661, 59 S.Ct. 364, 83 L.Ed. 429. "Application for refund of alleged excessive tax is condition precedent to jurisdiction of court. Red Wing Malting Co. v. Willcuts, [8 Cir.], 15 F.2d 626, 49 A.L.R. 459, certiorari denied 273 U.S. 763, 47 S.Ct. 476, 71

L.Ed. 879, * * *." 26 U.S.C.A. Int. Rev.Code, § 3772, Note 125.

In view of the conclusion heretofore reached and the authorities cited the plaintiff has failed to state a cause of action cognizable in this court.