# DIXIE MARGARINE CO. v. SHAEFER.
## No. 9454.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1943.

George N. Murdock, of Glencoe, Ill., and W. Frank Harper, of Memphis, Tenn., for appellant.

James P. Garland, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and James P. Garland, all of Washington, D. C., and William McClana-

han and R. G. Draper, both of Memphis, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

The parties will be styled as they appeared before the District Court.

On September 16, 1942, the plaintiff, The Dixie Margarine Company, filed its complaint in equity against defendant Shaefer, alleging that he was a Deputy Collector of Internal Revenue from January 1, 1923, to December 1, 1925, and that as such he was an agent and representative and under the orders and instructions of the Commissioner of Internal Revenue. The plaintiff alleged: that it was a manufacturer and seller of a food product called oleomargarine; that its president made inquiry of defendant and was told that it would be necessary to secure a permit and a license and to place a stamp upon all its products; that stamps would be required in the amount of 10 cents per pound upon all products containing artificial coloring and ¼ of a cent upon every pound containing no coloring; that a failure to comply would subject plaintiff to criminal prosecution and the seizure of its property; that defendant gave to plaintiff's president a copy of Regulations No. 9 of the Bureau of Internal Revenue and instructed him that plaintiff's business must be governed in accordance therewith; that agents of the defendant inspected plaintiff's factory regularly and required compliance with Regulations No. 9; that, to avoid the threatened penalties, plaintiff, under duress and compulsion, paid to the Bureau from March 9, 1923, to July 1931, the sum of $329,231.64, of which $87,412.00 was paid between March 1923, and December 1925; that on November 30, 1929, it filed a refund claim for $241,819.64 and for such other amounts as were legally refundable; that on December 26, 1929, the Commissioner illegally and fraudulently rejected this claim; that on September 14, 1931, it filed a second claim for refund of amounts paid from November 1, 1929, to July 1931, in the sum of $56,772.03 which the Commissioner illegally and fraudulently rejected on December 14, 1931; that on December 17 following, plaintiff filed in a District Court a suit against one Lee Brock, Collector, for the recovery of the aforesaid sum of $241,819.64; that throughout the proceedings described in its complaint, plaintiff was cooperating with other companies engaged in a similar business and in furtherance thereof a suit was brought styled Standard Nut Margarine Company of Florida v. Miller; that on April 22, 1931, the Circuit Court of Appeals, 5 Cir., 49 F.2d 79, sustaining the District Court, held that products similar to those manufactured by plaintiff were not taxable, that the Commissioner knew that they were not and that his action in holding them taxable was an arbitrary attempt to coerce the illegal payment of money and that the plaintiff in that case was entitled to protection in equity; that the Court of Appeals sustained an injunction restraining any attempt to tax such products; that on February 15, 1932, the Supreme Court affirmed the Circuit Court of Appeals, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and that on April 27th following the Commissioner reopened plaintiff's refund claim and refunded the aforesaid amounts of $241,819.64 and $56,772.03 respectively; that on April 16, 1935, plaintiff's attorneys, by letter, requested the Commissioner to refund the aforesaid amount of $87,412.00 paid to defendant during the years 1923, 1924 and to December 1, 1925; that on May 22, 1935, the Commissioner refused to make the refund; that thereafter plaintiff filed suit in the Court of Claims for the recovery of said amount and that court sustained a demurrer on the ground that no claim for refund had been filed within four years from the date of payment and the suit was therefore barred by the statute of limitations. 12 F. Supp. 543.

The complaint averred that on February 26, 1935, the Commissioner asserted a deficiency against plaintiff in the sum of $16,775.60 as income tax on the amounts refunded to it as above stated; that plaintiff filed a petition before the Board of Tax Appeals denying that said tax was due and averring that if it was due plaintiff was entitled to recoup the amount thereof against the sum of $87,412.00 taken from it during the years 1923–1925; that the Board decided the tax was due and owing and plaintiff was not entitled to recoupment; that thereafter plaintiff filed in the Circuit Court of Appeals a petition to review this decision and without deciding whether said sums were taxable as income in 1932, the court held that all of the events herein described were parts of the same transaction and that since the aforesaid sums were illegally taken from

plaintiff it was entitled to recoup against them the amount of the subsequent claims for income taxes on the amounts refunded. The complaint averred that the Board entered a decision conforming to the mandate of the Court of Appeals and the Commissioner sought a review thereof which was dismissed on April 13, 1942.

The complaint further averred that from 1929, up to its filing, the transactions involved were, in one form or another, continuously before the courts; that the liability of plaintiff for taxes on its products had been under consideration and that it was not negligent in bringing suit; that notwithstanding the decision of the Court of Claims, plaintiff, according to equitable principles, was entitled to relief; that in taking plaintiff's money in the manner indicated, the defendant and his superior, the Commissioner, pretending to act under law, deprived plaintiff of its property without due process and for public use without just compensation and that plaintiff had no remedy at law.

An amendment to the complaint averred that the defendant fraudulently represented to plaintiff that its products were taxable, when defendant well knew that such representations were false and made with the intention that plaintiff should act thereon and pay him the amount here involved; that plaintiff believed such representations and acting thereon paid the amount to the defendant, who thus became unjustly enriched.

The prayer of the complaint is, that the defendant be declared to be holding the amount involved as a constructive trustee for plaintiff; that an accounting be had and that judgment be given requiring defendant to make restitution of the amount determined to be due, with interest.

The defendant moved to dismiss upon several grounds, chief among which were, (1) that it appeared that the plaintiff had filed no claim for the refund of the amounts sought to be recovered within four years after the payment thereof; and (2) because it appeared that the suit was barred by the judgment of the Court of Claims.

We think that the decree of the District Court sustaining the motion to dismiss was correct. The plaintiff failed to allege that it ever filed with the Commissioner any claim for a refund of the sum here sued for. For present purposes it substantially admits that it never filed such claim.

We think that Sec. 3226 of the Revised Statutes as amended by the Revenue Act of 1932, Ch. 209, 47 Stat. 169, Sec. 1103(a), 26 U.S.C.A. Int.Rev.Acts, page 652, is controlling. The Section is as follows: "Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

It is a familiar principle that the filing of a refund claim is a prerequisite to a suit to recover taxes paid. The object of the requirement is to insure an orderly administration of the revenue and the words of the statute "mark the conditions of the claimant's right." Rock Island, A. & L. R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188; United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 273, 51 S.Ct. 376, 75 L.Ed. 1025. This proposition is not questioned but plaintiff insists that the exceptional and extraordinary circumstances set forth in the complaint render the statute inapplicable. These "circumstances" are, in short, that the amount sought to be recovered was not a tax; that it was not covered by any Revenue Act and that its collection was wholly unwarranted and this was certainly true. Miller v. Nut Margarine Co., supra, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. at page 510. The contention is that because the Supreme Court in the Miller case sustained an injunction against the collection of a tax upon products similar to those manufactured and sold by plaintiff, notwithstand-

ing R.S. Sec. 3224, 26 U.S.C.A. Int.Rev. Code, § 3653, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," we should accept this holding as authority for disregarding Sec. 3226 above quoted. The argument is difficult to follow. The Miller case does not parallel the case at bar. Here, the Government granted plaintiff a concession which it was not required to grant. Plaintiff was permitted to sue to recover any and all amounts unlawfully collected from it, but upon the express condition that it could not sue until it had filed a refund claim. As was said in Rand v. United States, 249 U.S. 503, 510, 39 S.Ct. 359, 63 L.Ed. 731, we are not authorized to relax the requirements of the statute. See also Dixie Margarine Co. v. United States, C. C., 12 F.Supp. 543, 544, 81 Ct.Cl. 944.

As pointed out in the complaint, the suit in the Court of Claims was by plaintiff for the identical amount herein involved. In that case, supra, 12 F.Supp. at page 544, the court said: "The statute fixes the period in which refunds can be made. When that period has been reached by the four years from the date of the payment of the tax, the jurisdiction of the court is exhausted."

Defendant insists that the decision of the Court of Claims is res adjudicata. It is unnecessary to determine the point but we do think that decision follows the general rule that the filing of a claim for refund is a prerequisite to suit.

The gravamen of the complaint is, that the defendant is in equity a constructive trustee of the money which he received from the plaintiff and should be required to account therefor, but the allegation that defendant is a "constructive trustee" is only the conclusion of the pleader. This conclusion is negatived by the allegations of the complaint itself. It fully appears from the complaint, as well as from the opinion of the Court of Claims referred to therein, that all the money collected by defendant was paid over promptly to the Treasury. The complaint does not assert that any part of it was ever claimed or retained by defendant. Moreover, a statute of limitations is as complete a bar in equity as in law to a suit to recover against a constructive trustee unless there has been a fraudulent concealment of the cause of action. Speidel v. Henrici, 120 U.S. 377, 386, 7 S.Ct. 610, 30 L.Ed. 718. But fraud cannot be averred in general terms and the complaint alleges no specific fraudulent conduct upon the part of the defendant. Indeed, the complaint distinctly alleges that defendant acted under the orders and instructions of the Commissioner of Internal Revenue and under what were thought to be valid laws and regulations.

Finally, plaintiff's basic cause of action is the loss of its money. It is undisputed that at law the plaintiff is barred by Sec. 3226. This section specifically forbids the maintenance of any suit to recover any sum in any manner wrongfully collected until a refund claim has been duly filed. Plaintiff cannot hurdle Sec. 3226 by seeking now, after seventeen years, relief upon equitable considerations. The plaintiff did not sue upon his equitable claim within the time his legal right could have been sued upon and it is a general and well understood rule that, acting by analogy to the statute, equity will not relieve. See Elmendorf v. Taylor, 10 Wheat. 152, 172, 6 L.Ed. 289, opinion by Chief Justice Marshall. In Hughes v. Brown, 88 Tenn. 578, 594, at page 587, 13 S.W. 286, at page 288, 8 L.R.A. 480, the principle is set forth in an opinion by Judge, afterwards Justice, Lurton. We quote: "* * * Second—The application of the statutes in equity was determined by the *cause of action,* rather than the nature of the equitable relief sought. The fact that the legal action was inadequate to obtain the relief which a court of equity could administer did not take the case out of the bar prescribed for the legal action on the same cause. 'In all cases,' said Lord Camden in Smith v. Clay, 'where the legal right has been barred by parliament, the equitable right to the same thing has been concluded by the same bar.' Or, as stated by Chancellor Kent: 'When the subject-matter of the demand in equity can also be made the subject of an action at law, the rule of analogy applies in all its force; as Lord Redesdale observed in Bond v. Hopkins, 1 Schoales & L. 413, * * * the statute of limitations does not apply in terms to proceedings in equity, but equitable titles are affected by analogy to it. If the equitable title be not sued upon within the time within which a legal title of the same nature ought to be sued upon to prevent the bar of the statute, the court, acting by analogy to the statute, will not relieve.' Kane v. Bloodgood, 7 Johns. Ch. [N.Y., 90], 120 [11 Am.Dec. 417].

"So this Court, speaking through Overton, J., said that it had been argued that the statute did not apply 'unless the relief sought in this court is of the same nature as that which would be obtained at law. This position is not supported by any of the books. Compensation in damages would have been the relief administered at law, but in this court a decree in specie may be obtained. This difference in the mode of redress has no effect upon the statute of limitation; it is pleadable in this court as at law. * * * In many cases where an action could have been sustained at law, and to which the statute might have been made to apply, so it would apply in equity if relief were sought there. Nor is it material whether that relief be of one kind or another. It is the cause of action that must determine the application of the statute, and not the nature of the relief which can be afforded.' Shelby v. Shelby, Cooke, 184."

As pointed out in the decision of the Court of Claims, relief must be from the Congress and not from the courts.

The decree is affirmed.