**In the Matter of QUAL KROM SOUTH, INC., Debtor.**

**Bankruptcy No. 88–04367–BKC–TCB–X.**

United States Bankruptcy Court, S.D. Florida.

July 19, 1990.

Leslie Gern Cloyd, Ackerman, Bakst, Lauer, and Scherer, P.A., West Palm Beach, Fla., for debtor.

Elizabeth Sullivan, Dept. of Justice, Tax Div., Washington, D.C.

Frances Sheehy, Sp. Asst., I.R.S., Miami, Fla.

Kevin Gleason, Miami, Fla., Asst. U.S. trustee.

## MEMORANDUM OPINION AND ORDER ON DEBTOR'S OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

BERNICE BOUIE DONALD, Bankruptcy Judge.

The above-styled core proceeding [1] came on for hearing on the objection of Qual Krom South, Inc., Debtor, ("Debtor" or "Qual Krom"), to the claim of the Internal Revenue Service ("I.R.S."). An evidentiary hearing was conducted wherein testimony was taken and exhibits entered in the records. The issue for judicial determination is whether the debtor's failure to timely apply for a refund pursuant to 26 U.S.C. § 6511 ("I.R.C. § 6511") operates as a bar to the bankruptcy court's jurisdiction to determine the amount and validity of I.R. S.'s claim in the debtor's chapter 11 bankruptcy.

The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## CASE SUMMARY

The debtor filed a voluntary petition commencing a case under chapter 11 of the Bankruptcy Code. The I.R.S. filed a claim in the total amount of one hundred seventy-three thousand nine hundred eleven dollars fifty-eight cents ($173,911.58). Debtor has deposited monies for payment to the I.R.S., but monies have not been disbursed because debtor disputes the amount claimed. Debtor avers that there have been overpayments, and misapplied credits on his account since 1982, totalling approximately ninety-nine thousand nine hundred thirty-one dollars thirty-eight cents ($99,-931.38).

The I.R.S. responded to debtor's objection, and challenged the court's jurisdiction alleging the following:

1. I.R.S. filed a proof of claim on June 30, 1990, for unpaid taxes, interest and penalties for 941 (FICA) taxes covering certain enumerated periods [2] from December 31, 1985 through October 27, 1988.

2. I.R.C. Section 6511 requires that *any claim for credit or refund must be made within three (3) years from the time the return was filed, or within two (2) years from the time the tax was paid.* (emphasis added).

3. I.R.S. alleges that as to the applicable taxes, no return was filed beyond January 7, 1987, and the last payment was made June 22, 1987.

4. Debtor filed a petition in bankruptcy, October 27, 1988, and got a plan confirmed October 4, 1989.

5. The plan provided for payment of the I.R.S. claim.

6. Further, I.R.S. alleges that the period of limitations for filing a claim for credit, overpayment or refund has expired pursuant to I.R.C. § 6511.

## DISCUSSION

Debtor avers that the court has jurisdiction to determine tax liability in the instant case based on 11 U.S.C. § 505(a) which allows the court to determine the amount or legality of any tax or penalty. In support of this position, debtor cites *In re Palm Beach Resort Properties, Inc.,* 51 B.R. 363 (S.D.Fla.1985), wherein the court affirmed the bankruptcy court's jurisdiction under 11 U.S.C. § 505(a)(1), to determine tax liabilities, including taxes which were not seasonably contested prior to the filing of the bankruptcy case.

I.R.S. contends that debtor's objection to the I.R.S. claim on the basis of overpayment is barred because the time for requesting a refund has run pursuant to I.R.C. § 6511. In *Kreiger v. United States,* 539 F.2d 317 (3rd Cir.1976), the

---

**1.** 28 U.S.C. § 157(b)(2)(B).

**2.** See, I.R.S. response included in the court file at CP 113.

court held that the timeliness of an administrative claim is jurisdictional rather than procedural.

▇▇▇ A taxpayer who fails to file a claim for refund within the prescribed period cannot sue to recover tax. *Davis v. United States*, 67 Ct.Cl. 643 (1929). 26 U.S.C.S. § 6511 and § 7422, clearly prescribe periods of limitation, and neither the taxpayer nor the District Court can enlarge the period of limitation beyond what Congress has prescribed. *First Nat. Bank v. United States*, 226 F.Supp. 166 (S.D.Fla. 1963), affd. 341 F.2d 737 (5th Cir.1965). In affirming the lower court, the Fifth Circuit opined that a claim for refund of gift tax not filed until more than three (3) years following the filing of return, and more than two (2) years following payment of tax must be dismissed as time barred by applicable statute of limitations. Bankruptcy court is a unit of the District Court. 28 U.S.C. § 151. The right to a refund of a bankrupt debtor for taxes paid prior to the bankruptcy, passes to the bankruptcy trustee upon the filing of the petition regardless of how the refund arose. *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). The debtor-in-possession in chapter 11 has the rights and duties of a trustee. 11 U.S.C. § 1107. Failure of the trustee in bankruptcy to file a claim for refund of income tax within three (3) years after the return was filed, barred the right to recover any refund, since a claim for refund is a condition precedent to maintaining a suit for such refund. *Lynch v. Rogan*, 50 F.Supp. 356 (D.C.Cal.1943).

▇▇▇ Debtor, in the instant case, failed to show any proof of a requested refund or credit during the prescribed statutory period. While debtor introduced proof of letters that had been written, such letters do not constitute a request for refund absent compliance with statutory or administrative requirements. *See, Mohawk Rubber Co. v. United States*, 88 Ct.Cl. 50, 25 F.Supp. 228, *cert. denied* 307 U.S. 645, 59 S.Ct. 1043, 83 L.Ed. 1525 (1939).

Notwithstanding, the prohibitive language in *First Nat. Bank v. United States, supra*, they cannot ignore the language in section 505 of the Bankruptcy Code.

11 U.S.C. § 505(a) states in toto:

**§ 505. Determination of tax liability.**

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request. (emphasis added).

▇▇▇ The language of Section 505 reads rather broadly, however, this court interprets the language "of competent jurisdiction" to be limiting. Thus, a viable claim or cause of action, not otherwise time barred, must exist at the time of the filing of the bankruptcy. Since the period for filing a refund is jurisdictional, section 505 does not serve to revive a period of limitation if it has otherwise expired prior to the filing of the petition. While 11 U.S.C. § 362 stays virtually all proceedings against the debtor, it does not resurrect otherwise expired jurisdictional mandates, such as compliance with the requirements of I.R.C. § 6511.

▇▇▇ Debtor has cited, *In re Goldblatt Brothers, Inc.,* 106 B.R. 522 (N.D.Ill.1989), for the proposition that under section 505, the court has the authority to grant relief in these instances. However, *Goldblatt* is

not helpful in the Qual Krom analysis, because *Goldblatt* did not involve a situation where the period of limitation had run prior to the petition filing. Therefore, based on the foregoing analysis, the court finds that debtor's claim for a refund is time barred.

Alternatively, I.R.S. alleges that debtor should be estopped from claiming a refund by virtue of a binding plan having been confirmed. See, 11 U.S.C. § 1141.

Debtor's plan was confirmed October 4, 1989, and included payment of the claim of I.R.S. as filed. Subsequently, I.R.S. filed a motion to dismiss for failure to make payment pursuant to the confirmed plan. Thereupon, debtor objected to the I.R.S. claim. Pursuant to an agreed order, the plan was confirmed subject to debtor's objection to the I.R.S. claim. Therefore, the I.R.S. theory of estoppel by virtue of confirmation, has no merit.

## CONCLUSION

Therefore, based on all the foregoing, it is hereby adjudged, order, and decreed that:

1. Debtor did not timely file a claim for a refund nor contest alleged overassessments as required under 26 U.S.C.S. § 6511;

2. 26 U.S.C.S. § 6511 is jurisdictional, therefore, debtor's objection in the form of demand for a recalculation of an alleged overpayment and credit, is time barred;

3. Debtor's objection is denied for lack of subject matter jurisdiction;

4. This opinion does not address any taxes for which the period of limitation has not run by virtue of 26 U.S.C.S. § 6511 or 11 U.S.C. § 108.