SiNNOtt, Judge,
delivered the opinion of the court:
This is a tax case and relates to the year 1921. It is the companion case of Charles E. Kaltenbach v. United States, No. D-583, relating to the year 1919. Both cases involve the same contract, set forth in Finding IV. In case No. D-583, decided by this court on this date, against the contention of *587 plaintiff it was held that said contract was a license for the use of plaintiff’s process and not a sale.
In the present case, No. D-584, in the event that the court does not sustain plaintiff’s contention with respect to the sale of his process, plaintiff presents an alternative claim for the refund of the taxes paid, because of the obsolescence of his process in the year 1921. Plaintiff cites as applicable the deductions allowed in section 214 (a) (8) of the revenue act of 1921 (42 Stat. 240) :
“(8) A reasonable allowance for the exhaustion, wear, and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.”
It is the contention of defendant that the secret process of plaintiff for the tin weighting of silk is not susceptible to exhaustion, wear, and tear, or obsolescence, within the purview of (8), supra. We think defendant’s contention is well taken. Language identical with (8), in the revenue act of 1918, was construed in a well-considered opinion by the Circuit Court of Appeals, Eighth Circuit, in Red Wing Malting Co. v. Willcuts (15 Fed. (2d) 626, 631), wherein the court said:
“ It seems to us that the language ‘ including a reasonable allowance for obsolescence ’ is but a part of and an enlargement of the previous-phrase of the said subsection (7) relating to exhaustion, wear, and tear, and that the first part of the sentence was intended to cover the subject matter thereof. It does not add a new kind of deduction, but merely permits the inclusion of an additional element, namely, obsolescence of such property used in the business as is subject to exhaustion, wear, and tear. The allowance for obsolescence was intended to be in connection with the allowance for exhaustion, wear, and tear; that being at times insufficient to restore the proper basis of capital values.”
According to the ruling in the Bed Wing case, supra, it is evident that a secret process for the weighting of silk by the use of chemicals or metals can not be subject to exhaustion, wear, and tear, and therefore is not subject to obsolescence, within the purview of (8). In Red Wing Malting *588 Co. v. Willcuts, supra, certiorari was denied by the Supreme Court (273 U. S. 763).
It is further contended in plaintiff’s brief that section 214 (a) (4) of the revenue act of 1921 (42 Stat. 240) is applicable to his case:
“(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.”
It is questionable whether the language of (4) is before us for construction. It does not appear that plaintiff predicated his claim for refund before the Commissioner of Internal Bevenue on - (4). On the contrary, it appears in Finding XI, which was one of the findings of the commissioner of this court, and which was not objected to by plaintiff, that plaintiff’s claim for refund, aside from the claim of sale, was predicated solely on obsolescence, under (8). This identical point was commented upon by the court in Red Wing Malting Co. v. Willcuts, supra, where the court said:
“ It does not appear from the record that any claim under subsection (4) for refund covering the loss of good will as a sustained loss during the taxable year was presented to the Commissioner of Internal'Bevenue prior to bringing this action and a refund requested. The application for refund does not appear in the record. Such application is a condition precedent to the jurisdiction of this court in matters of this character. The precise ground upon which the refund is demanded must be stated in the application to the commissioner, and we think, if that is not done, a party can not base a recovery in the court upon an entirely different and distinct ground from that presented to the commissioner.”
However this may be, we do not think that (4) is applicable in this case. It does not appear that plaintiff suffered actual loss, within the purview of (4), when his secret process was superseded by the Swiss process referred to in Finding VI. Plaintiff’s process was discovered and developed by himself. Its cost to him was problematical. It does not appear in the record. If the language of (4) were properly before us for construction we would feel compelled to hold, under the authority of United States v. Flannery (268 U. S. 98, 105), that plaintiff sustained no actual loss, within the purview of (4).
*589 We have reached the conclusion that the Commissioner of Internal Revenue was correct in denying plaintiff’s claim for refund. It is therefore ordered and adjudged that plaintiff’s petition be dismissed.
Green, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.