## INTERNATIONAL CURTIS MARINE TURBINE CO. v. UNITED STATES.

### No. K-441.

Court of Claims.
March 7, 1932.

This case having been heard by the Court of Claims, the court, pursuant to the stipulation of .the parties, makes the following special findings of fact:

1. The plaintiff is a corporation which filed its income and excess profits tax returns for the year 1917 on April 30, 1918, in accordance with- the facts as it believed them to exist, reporting a tax thereon of $26,338.-18. On April 29, 1918, plaintiff voluntarily paid said tax, without protest. In the income tax return plaintiff deducted the sum of $120,000 from its gross income for depreciation of certain of its property.

2. The returns so made for 1917 were audited by the Commissioner of Internal Revenue, and as a result of said audit the Commissioner denied plaintiff the right to deduct the sum of $120,000 for depreciation of its property. On account of such denial the Commissioner assessed additional taxes against plaintiff for the year 1917 in the amount of $27,653.71. The said additional taxes of $27,653.71 were paid in full, under protest, on July 13, 1923.

3. On August 23, 1923, plaintiff filed a claim for refund of $27,653.71, "or such greater amount as is legally refundable," which was disallowed by the Commissioner of Internal Revenue. The basis of this claim was that "the additional assessment of $27,-653.71 was arrived at by disallowing the depreciation sustained by the corporation upon its patents and contracts."

4. On March 8, 1924, suit was instituted in the Court of Claims of the United States by plaintiff against the United States of America for the recovery of the aforesaid $27,653.71, plus interest as provided for by statute, the docket number of such proceeding being D–174. By virtue of a judgment rendered by the Court of Claims on June 6, 1927, 63 Ct. Cl. 597, plaintiff recovered from the United States of America the entire amount of the said assessment, to wit, $27,653.71, together with interest. The parties have stipulated that either party may refer to the findings of fact of the Court of Claims in said case with the same force and effect as if they had been expressly included herein and made a part hereof.

The judgment of the Court of Claims, referred to in the preceding paragraph, held improper the refusal of the Commissioner of Internal Revenue to allow any deduction for the property sought to be depreciated by the plaintiff, and established as a special finding of fact that the value at March 1, 1913, of the property sought to be depreciated, was $1,805,111.00, and its minimum life at March 1, 1913, was approximately nine and one-fourth years.

5. During the year 1917 the plaintiff was the owner of certain contracts which this court found had a March 1, 1913, value of $1,805,111, and which at that time had a minimum life of approximately nine and one-fourth years. The depreciation sustained on these contracts in the year 1917 by the plaintiff, based on the aforesaid March 1, 1913, value of $1,805,111, as found by this court, was $195,147.14.

6. The recovery of the refund of $27,-653.71 under the judgment of the Court of Claims rendered on June 6, 1927, as afore-

said, resulted from 1917 gross income being reduced only $120,000 on account of depreciation. At no time has there been deducted from plaintiff's 1917 gross income the additional depreciation sustained during that year in the sum of $75,147.14, which is the difference between the aforesaid deduction of $120,000 and the depreciation sustained as found by this court in the amount of $195,147.14.

7. On January 26, 1923, within five years from the time the returns for the taxable year 1917 were due, the plaintiff executed and filed with the Commissioner of Internal Revenue a waiver of its right to have the taxes due from it for the taxable year 1917 determined, assessed, and collected, irrespective of any period of limitation, provided that a final assessment, if any, for the year 1917 was made before March 1, 1924.

8. On March 27, 1925, the plaintiff filed with the collector of internal revenue for the Second district of New York, under authority of subdivision (e) of section 281 of the Revenue Act of 1924 (26 USCA § 1065 note), a claim for the refund of $19,981.75, paid as and for income and excess-profits taxes for the year 1917, which said claim was in addition to that of $27,653.71, referred to in finding 3 hereof. The said claim for the refund of $19,981.75 was rejected by the Commissioner of Internal Revenue on October 5, 1927. A copy of the claim for refund and a copy of the Commissioner's letter of rejection are attached to the stipulation of the parties filed herein, marked Exhibits B and C, respectively, and are made part of these findings by·reference thereto. The claims for refund to which reference is made in these findings were the only claims filed by the plaintiff pertaining to the case.

The parties have stipulated that, if the plaintiff is entitled to recovery in this cause on the issue of law, judgment should not exceed the sum of $19,920.06, plus interest as provided by statute. If the issue of law be decided adversely to plaintiff, its petition should be dismissed.

Thomas G. Haight, of Jersey City, N. J. (Robert H. Montgomery, J. Marvin Haynes, and C. J. McGuire, all of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Joseph H. Sheppard, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, WHALEY, and LITTLETON, Judges.

GREEN, Judge.

This suit is brought to recover $19,920.06, together with interest, it being alleged in substance that this sum was overpaid by plaintiff on its 1917 taxes by reason of the failure of the Commissioner to allow the proper amount of depreciation sustained by the corporation upon its patents and contracts. No question is raised as to the overpayment, but defendant claims that heretofore, in another suit begun in this court in which the same subject-matter was involved and at issue, the plaintiff recovered a judgment by reason of which the amount due it as a refund for overpayment of its 1917 taxes became res adjudicata, and plaintiff is thereby estopped from bringing the present suit.

The facts in the case are not in dispute. It appears that the Commissioner of Internal Revenue assessed a deficiency tax of $27,653.71 against the plaintiff for the year 1917. Plaintiff paid this assessment July 13, 1923, under protest, but filed a claim for refund shortly after on the ground that: "The additional assessment of $27,653.71 was arrived at by disallowing the depreciation sustained by the corporation upon its patents and contracts."

This claim was rejected by the Commissioner, and on March 8, 1924, the plaintiff instituted suit to recover the $27,653.71 which had been so paid and for which a refund had been refused; the suit being docketed as No. D–174. Judgment was rendered in favor of the plaintiff in this action on June 6, 1927, and the judgment duly paid with interest. Under the findings made by the court therein the plaintiff would have been entitled to a deduction for depreciation for the year 1917 of $195,147.14, but the judgment of the court awarded plaintiff a recovery of the tax on only $120,000 of depreciation, as the petition did not claim a greater deduction or ask for a judgment on any other basis. During the pendency of the suit D–174 and on March 27, 1925, the plaintiff filed a claim for refund in the further sum of $19,981.75, which, among other things, referred to the additional assessment which had been made for the year 1917, the claim for refund thereof which had been theretofore filed, and the fact that this claim had been rejected and suit commenced thereon. Also in this claim for refund the plaintiff submitted a computation of the depreciation sustained by the corporation during said year which, if correct, showed that the plaintiff was entitled to a further refund of $19,981.75 of taxes for the year 1917. No objection is made to the

time when the claim was filed, as plaintiff had previously filed a waiver under the provisions of section 281 (e) of the Revenue Act of 1924 (26 USCA § 1065 note), but it will be observed that the second claim for refund was not filed until more than five years had elapsed after the time when the payment was made which was sought to be refunded thereby. Section 1014 of the act of 1924 re-enacted section 3226 of the Revised Statutes (26 USCA § 156), which provided that no suit should be brought on a claim so filed unless it is begun within two years after its disallowance. The second claim for refund was not rejected until after judgment had been rendered in the first suit, and no action or part of an action could be predicated upon it during the pendency of that action and until its rejection. The second claim for refund, therefore, could avail the plaintiff nothing in the first suit. But it is contended on behalf of the defendant that the claim for refund first filed was sufficient to cover the whole amount now included in the former action and the one now before us taken together.

Two questions arise which must be determined in order to render judgment in the case. They are: First, whether the plaintiff could have brought suit in the first action for the full amount which now appears to be due on account of the overpayment of its taxes for 1917; and, if so, second, whether its failure to bring a suit for the full amount is a bar to the action now before the court.

These two questions to some extent overlap, and in considering them no attempt will be made to entirely separate the two points which are thus brought up for discussion.

The determination of the second question is comparatively easy, as it rests upon well-settled principles of law relating to matters that have become res adjudicata and with reference to splitting actions.

■■■■ As a general rule, "a single cause of action or entire claim or demand can not be split up or divided so as to be made the subject of different actions." If this is done and separate actions are brought for different parts of such a demand, a judgment upon the merits in either action will be barred in the other cases. 1 C. J. 1106. To this rule there are some exceptions. It is contended on behalf of plaintiff that it was generally believed that a recovery could be had for an overpayment of 1917 taxes only in event the overpayment had been made under protest, and that this is the reason the first suit was brought only for the amount which had been so paid. The fact, if it be a fact, that plaintiff and its counsel believed such to be the practice and holding on the part of the courts and the government does not, we think, take the present case out of the rule with reference to splitting causes of action. The cases cited on behalf of plaintiff show that the courts have in some instances granted relief to a plaintiff where the suit first brought was instituted under a mistaken belief as to the facts; but the mistake in this case, if there was any, related to the law, and for such a mistake the courts can afford no relief. If, therefore, plaintiff had one entire claim or demand against the government, suit should have been brought for the full amount in the first instance. Under such circumstances, at any time during the pendency of the former suit the plaintiff could, by appropriate proceedings, have corrected this defect in the pleadings and asked a recovery for the total amount sought to be recovered in both cases, and its failure to take such proceedings in the former case would operate as a bar to the cause of action presented in the suit now before this court. This brings us to the question of whether plaintiff could, during the pendency of the first suit, have maintained an action for the entire amount of refund to which it was entitled by reason of a proper allowance for depreciation. In other words, the question is whether plaintiff had the right, during the pendency of the former suit, to bring action on the claim now before us.

The decision of the case must ultimately depend upon the form of the application for refund upon which the first suit was based. If this claim for refund was sufficient to enable the plaintiff to maintain an action to recover the total amount of its overpayment upon taxes for 1917, we think it clear that plaintiff cannot recover in the pending action. It is urged on behalf of plaintiff that the grounds for the refund, as stated in the claim upon which the first suit was founded, were insufficient to entitle the plaintiff to a recovery of anything more than was claimed in that suit. It is therefore said that plaintiff has not in fact split a cause of action, but in the two suits has set out two different causes of action.

The regulations with reference to refund require that "all the facts relied upon in support of the claim shall be clearly set forth"; and it was held in United States v. Felt & Tarrant Mfg. Co.; 283 U. S. 269, 51 S. Ct.

376, 377, 75 L. Ed. 1025, with reference to the matters required to be stated in an application for refund, that "one object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue."

If the argument made on behalf of plaintiff is well founded, it would seem that the claim for refund was so defective that it would not have afforded a basis even for the first suit. No objection, however, was made to it in that action, and the court therefore had no occasion to pass on the question of its sufficiency. In this connection we think it can be properly said that, although the nature of plaintiff's claim could have been better stated in the first application for refund, it sufficiently appeared when the claim for refund was examined for the purpose of determining what were in fact the grounds upon which the application for refund was based. The determination of the matters alleged in plaintiff's application for refund required an audit of plaintiff's taxes for the year 1917, particularly with reference to the allowance of depreciation in its income for that year and the effect of such allowance upon the amount of plaintiff's taxes. We have heretofore held that "a taxpayer is not precluded in a suit from recovering the true overpayment of tax merely because he may have made a mistake in arriving at the figure in the return," which was repeated in the claim for refund, where there is no question made as to the basis of the grounds of the claim for refund. Osborn v. United States, 54 F.(2d) 824, decided by the Court of Claims December 7, 1931. To the same effect is Electric Storage Battery Co. v. McCaughn (D. C., E. D. Pa.) 54 F.(2d) 814, decided October 10, 1931, where it is said that the amount claimed is of little importance.

Counsel for plaintiff contend that the depreciation claimed in the original income tax return had been disallowed by the Commissioner, not because the amount claimed was excessive, but because the property sought to be depreciated "had no established or ascertainable value as of March 1, 1913, which can be recognized for depreciation purposes," and it is said that the claim for refund merely informed the Commissioner that plaintiff objected to his determination that the property sought to be depreciated was not of a depreciable character, but did not raise the question as to what the proper basis for depreciation should be.

It is true, as stated above, that the first claim for refund stated that: "The additional assessment of $27,653.71 was arrived at by disallowing the depreciation sustained by the corporation upon its patents and contracts."

But this was not all the application for refund stated. In it plaintiff claimed to be entitled to a refund of $27,653.71, "or such greater amount as is legally refundable." In other words, what the plaintiff asked was not simply that the Commissioner should rule that depreciation should be allowed, but that the amount of overpayment resulting from failure to allow it should be determined. Independently of the claim for repayment of "such greater amount as is legally refundable," it is clear that the plaintiff was asking the Commissioner to make an award to it on account of depreciation, and the Commissioner could not make any such award simply by determining the fact that depreciation had been sustained. In order to make a refund of any amount for depreciation, a computation of the tax after the proper allowance had been made therefor must first be made, and without such a computation the amount of the refund could neither be determined nor paid. The Commissioner could, as he did, refuse to allow any depreciation whatever, but this was merely denying plaintiff's claim at the outset and refusing to do what plaintiff asked to have done. The nature of plaintiff's claim was one for deduction on account of depreciation coupled with the claim for a refund on the basis of such an allowance.

In previous decisions we have held that a ground which was not stated in the application for a refund cannot be made the basis of a suit in this court. See Warner-Patterson Co. v. United States, 68 Ct. Cl. 237, and Kaltenbach v. United States, 66 Ct. Cl. 581. But in each of these cases the plaintiff, in stating its cause of action to the court, sought to add a ground for its claim which was not stated or included in the claim made in its application for a refund. Where the plaintiff in its application for a refund bases it upon a distinct and specific ground, a suit for recovery of taxes cannot be based on some other distinct and specific ground to which the Commissioner's attention would not be called when he considered the ground stated in the application for refund. But no such case arises here. The matter of depreciation was an item by itself, and could not be separated into two parts and made two distinct items in a claim for refund, for

both would have been of the same kind and nature and governed by the same rules. So in this case we do not think plaintiff could present its claim for allowance of refund on account of depreciation in two separate applications. The whole matter was called to the Commissioner's attention and the nature of the claim made known when the first application for a refund was presented, for it necessarily involved, not only the right of the plaintiff to a refund on account of depreciation, but the question of to what amount it was entitled.

It follows from what has been stated above that the original claim for refund was a sufficient basis for an action to recover the full amount to which plaintiff was entitled by reason of depreciation of its property. In the former case the court found, with reference to the contracts upon which depreciation was sought, that they had a life of nine and a quarter years, and were of the value of $1,805,111 as of March 1, 1913. The claim of the plaintiff was in substance that it was entitled to a proportionate deduction for each year, but it claimed only $120,000 depreciation for each year, and the court could award judgment only as prayed in the petition, although the findings would have warranted a much larger judgment; the increase being approximately what is now asked for in the instant case. It seems apparent that the whole matter was before the court upon the claim of the plaintiff that it was entitled to depreciation upon its contracts, determined by their value as of March 1, 1913, and the number of years they had to run. It is well settled that a judgment on the merits between the same parties operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. 34 C. J. p. 818, § 1236, and cases cited. It can hardly be claimed that the same "matter which was offered and received to sustain the claim" in the former case has not been offered in the instant case to sustain the claim that the plaintiff now makes. It may be said that in the former case it was pleaded and found by the court that the amount of the additional assessment for which judgment was rendered was paid under protest, but this was not made a ground of the decision or judgment of the court, nor did the court otherwise attempt to separate plaintiff's claim on account of depreciation into two separate causes of action.

In our opinion, the plaintiff's petition should be dismissed, and it is so ordered.