CHICAGO JUNCTION RYS. & UNION STOCK YARDS CO. et al. v. UNITED STATES.

No. 42588.

Court of Claims.

March 4, 1935.

Hugh C. Bickford, of Washington, D. C. (R. Kemp Slaughter and Slaughter & Bickford, all of Washington, D. C., on the brief), for plaintiffs.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The parties are in agreement that plaintiffs overpaid the tax for 1919 in the amount of· $3,483.97 in excess of the amount for which the court heretofore entered judgment in a previous suit by plaintiffs against the United States for the same taxable year. The question is whether the judgment in the previous suit operates as a bar to the present suit based upon an item giving rise to an overpayment in the same taxable year for which a timely claim for refund was filed upon a ground different from that stated in the previous suit.

Plaintiffs insist that the present suit is not based upon the same cause of action as the suit heretofore decided by the court involving taxes for the same taxable year, but that the present suit is grounded upon a different claim or demand. In support of this contention it is argued that the statute requires the filing of a claim for refund specifying the ground therefor before suit can be brought; that, as the refund claim upon which the previous suit was based did not mention the 2 per cent. income tax, and that as plaintiffs later filed a timely and suffi-

cient claim for refund for the overpayment, on the ground that it was not liable for 2 per cent. of the 10 per cent. tax paid, it has a right under the provisions of section 3226 of the Revised Statutes, as amended by section 1103 (a) of the Revenue Act of 1932 (26 USCA § 156), to maintain a separate suit on the second claim for refund. In other words, plaintiffs contend that, inasmuch as the statute requires a claim for refund as the basis for suit, and makes the claim the only possible means of bringing suit, the cause of action is confined to the allegations made in the claim for refund and not to a taxable period. In our opinion, this contention cannot be sustained.

Each taxable year constitutes a separate cause of action, and in every suit for a refund one of the questions presented is the amount by which the taxpayer has overpaid his taxes for the year involved. While the court is limited in its consideration of a case to the questions raised before the Treasury Department in a timely refund claim, a decision of a case upon the issues presented is a bar to a subsequent suit in respect to all matters and items that could have been raised and presented for decision in the first case, in the absence of facts and circumstances such as were involved in the case of Cambridge Loan & Building Co. v. United States (Ct. Cl.) 57 F.(2d) 936. Cf. Newport News Shipbuilding & Dry Dock Co. v. United States, decided by this court March 5, 1934.

The fact that the statute makes the filing of a claim for refund a condition precedent to the right to sue the United States for the recovery of an overpayment of tax does not, we think, give the taxpayer a right to bring a second suit where the matter of the tax liability for the same taxable year has been litigated and decided. Moreover, in the present instance, it appears that the plaintiffs were not in any way misled and that they were free to present the item involved in this case to the court before the previous suit was decided. At the time the previous case was briefed and submitted to the court for decision, no representation had been made to plaintiffs that their claim for refund of 2 per cent. of the income tax paid would be refunded. No mention was made when the case was submitted that such claim was pending and no motion to amend the petition in the previous case was tendered before the judgment was entered, although the date on which the petition could have been amended so as to raise the question ar-

rived five months before the judgment of the court was entered.

In these circumstances, the judgment heretofore entered in a case between the same parties for the same taxable year is a bar to the maintenance of the present action. International Curtis Marine Turbine Co. v. United States, 56 F.(2d) 708, 74 Ct. Cl. 132. The petition must therefore be dismissed, and it is so ordered.