**ESTATE of L. C. HUNT, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19671.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1962.

Rehearing Denied Nov. 27, 1962.

L. D. Gilmer, Houston, Tex., for appellant.

Louis D. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Martin B. Cowan, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., William Wayne Justice, U. S. Atty., Tyler, Tex., Lloyd W. Perkins, Asst. U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a judgment of the trial court, sitting without a jury, dismissing appellant-taxpayer's suit for refund of estate taxes on the ground that a prior suit for refund ending in a judgment for the taxpayer was res judicata of the issues involved in the present case.

The facts are not in dispute, having been fully stipulated by the parties. These facts are that the decedent died on April 22, 1953, and his wife subsequently qualified as executrix. On July 22, 1954, Form 706 (Federal Estate Tax Return) was duly filed; on April 9, 1956, the taxpayer's estate made a payment of the decedent's income tax deficiency for the year 1952; on March 11, 1957, appellant paid $15,000 on account of deficiencies in the estate tax asserted by agents of the Commissioner of Internal Revenue, and on June 22, 1957, the balance of the asserted deficiency in estate tax was paid; on November 8, 1957, a

claim for refund of estate taxes was filed alleging overpayment for three items. This claim did not include an alleged overpayment because of the failure by the taxpayer's representative to deduct the accrued indebtedness arising on account of the decedent's 1952 federal income tax, an item which was clearly deductible; on May 13, 1958, taxpayer's claim for refund was formally rejected; on October 24th, taxpayer filed a complaint in the United States District Court for alleged overpayment, setting forth only the grounds described in the claim for refund. June 8 and 9, 1959, trial was held without a jury on taxpayer's suit for refund and the case was submitted to the trial court; on June 19, 1959, taxpayer filed another Form 843 (Claim for Refund), claiming a refund for payment of federal estate taxes attributable to taxpayer's failure to claim a deduction for decedent's liability with respect to his income taxes for 1952. On August 31, 1959, final judgment was entered in the District Court, decreeing a recovery by taxpayer on two grounds, and denying a recovery to the extent based on the remaining ground alleged by the taxpayer in that suit; on June 6, 1960, the claim for refund, filed on June 19, 1959, was formally rejected by the Commissioner; on September 1, 1961, taxpayer commenced this action based on the claim for refund rejected on June 6, 1960.

The question posed by this record is whether, as decided by the trial court, the taxpayer's recovery by suit of the amount of overpayment of estate taxes by the decedent's estate, based upon his earlier contention that there were three grounds for recovery, whereas it is now asserted that there was a fourth ground, is a final bar of his right to recover on the fourth ground, which was not asserted in the original suit.

The most recent statement by the United States Supreme Court, dealing with the principle of res judicata in the field of federal taxation, is found in the case of Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. There the Court said, on page 597, 68 S.Ct. on page 719 of the opinion:

"* * * The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48."

This Court had previously recognized this principle of law in United States v. C. C. Clark, Inc., 5 Cir., 159 F.2d 489, where we said:

"Income tax liability for any one year is a single cause of action and each taxable year constitutes a separate cause of action, and in every suit for refund one of the questions presented is the determination of the amount by which the taxpayer has overpaid his taxes for the year involved."

Moreover, in view of the argument made by the appellant here, later discussed, we think it particularly appropriate to quote the following language from the concurring opinion by Judge Hutcheson in the Clark case:

"The refund claim of which the dissent makes so much is not the

cause of action. It is but a procedural step in asserting it. There was never any impediment in the way of the taxpayer's claiming on the grounds he now sues on. Having pitched his prior suit on other grounds, he may not complain if he finds his recovery barred by the judgment in that suit."

It is to be noted that Judge Sibley's dissent in the Clark case was based on the fact that "the Supreme Court has not spoken on the precise point." The Supreme Court did, of course, speak on the precise point in the Sunnen case, which was decided a year later.

■ While the Supreme Court has not spoken on the precise point next urged by the Commissioner, that is, that the *estate tax* liability is a single liability, and in the case of a claim of overpayment may be the subject of a single cause of action only, we do find substantial authority for this proposition. See Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187; Cleveland v. Higgins, 2 Cir., 148 F.2d 722, cert. denied, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428, and more particularly Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060, cert. denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383. Conceptually it seems that no distinction can be drawn between the nature of a cause of action arising from the alleged overpayment of estate taxes on the one hand, and one arising from the alleged overpayment of a single year's income tax on the other.

■ The appellant here contends vigorously, however, that because of the fact that no claim for refund had been filed and rejected by the Commissioner prior to the decision of the District Court in the first refund suit, the taxpayer was not legally able to include the present claim in that earlier suit. The answer to that contention, we think, is best stated by the quotation from Judge Hutcheson's concurring opinion in the Clark case above. There was nothing to prevent the taxpayer from including all of its asserted claims for refund when she filed the first claim. (Of course, the taxpayer contends that there was an oversight on the part of the then counsel for the estate.) We state this as being "no excuse" because we know of no exception to the rule of application of the doctrine of res judicata that exempts a person from its application merely because his effort to break a single cause of action into two or more parts was due to excusable oversight. Moreover, it is plain from the chronology above outlined that the claim for refund on this newly discovered ground was known to the taxpayer and was actually made the basis of a subsequent claim for refund before the trial court had made its final judgment or decided the case then pending. The taxpayer made no effort to cause the Court to suspend its decision, awaiting a rejection of the later claim for refund before concluding the litigation. Nor did the taxpayer elect to seek a prompt rejection of his claim for refund prior to the decision by the trial court some two months later, during which time, under the Federal Rules of Civil Procedure, rule 15, 28 U.S.C.A. the taxpayer would have had the right to amend his complaint to include the additional ground.

We find that the decision of the Court of Appeals for the Eighth Circuit, in Guettel v. United States, supra, clearly rules the case before us. That case, like this, had to do with a subsequent effort to file a suit for refund for overpayment of estate taxes where a prior suit had been filed and gone to judgment based on other claims of the estate. Dealing particularly with the argument that appellant here was unable to amend her prior suit because there had been no rejected claim for refund on the later ground, the following language of the Court in the Guettel case is clearly apposite:

"The appellants argue that because they had filed no claim for refund based upon the inclusion of the value of Missouri real estate in gross

estate, prior to their suit in the Court of Claims, and could, therefore, not have successfully urged that ground in that court, the judgment which they recovered should not bar this action. A claim for refund is a procedural prerequisite to the bringing of suit, United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025, which can be waived by the government, and, 'if compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations.' Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 75 [72] L.Ed. 253. The existence of the appellants' cause of action was in no way dependent upon their claims for refund, and a single cause of action for the recovery of a tax cannot be split up by the filing of separate claims for refunds based upon different grounds. See Chicago Junction Rys. & Union Stock Yards Co. v. United States, 80 Ct.Cl. 824, 10 F.Supp. 156, 158, 159, supra." 95 F.2d 229, 231.

Res judicata is a harsh rule when applied to prevent a litigant from asserting a claim which the law holds to be a part of a single cause of action previously litigated. So, too, is the application of the various statutes of limitation. However, since the decision of the United States Supreme Court in Tait v. Western Maryland Rwy. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, it has been clear that the doctrine of res judicata applies to federal tax cases just as it does in other causes of action. The Court there said, at page 624, 53 S.Ct. at page 707:

"We are not persuaded that the operation of the principle of the thing adjudged in tax cases will, as petitioner insists, produce serious inequalities, or result in great confusion; but any adverse consequence in the administration of the law furnishes no sufficient reason for the abandonment of a rule founded in sound policy, to the enforcement of which suitors are in justice entitled."

The judgment of the trial court is Affirmed.