INTERNATIONAL HARVESTER COMPANY, Plaintiff-Appellant,

v.

ROCKWELL SPRING & AXLE COMPANY, Defendant-Appellee.

No. 14671.

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1964.

Philip W. Tone, Albert E. Jenner, Jr., Philip W. Tone, Thomas P. Sullivan, Sidney G. Saltz, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel, for appellant.

A. Daniel Feldman, Robert F. Hanley, Chicago, Ill., Michael I. Miller, Washington, D. C., Isham, Lincoln & Beale, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This suit was commenced in August 1956 by plaintiff, International Harvester Company (Harvester), for an accounting and judgment for the amount of retroactive price adjustments claimed to be owing to Harvester under various contracts for the calendar year 1955, which were subcontracts for the furnishing of axle sets to be used by plaintiff in building military trucks under a prime contract with the United States Government.

Defendant answered the complaint in December 1956. On May 28, 1957, the parties filed a fourteen volume, 2274 page stipulation containing 196 exhibits. In August 1957, defendant submitted written interrogatories to the plaintiff, some of which plaintiff objected to and a portion of which plaintiff answered.

United States District Judge Campbell set the cases for trial on December 18, 1957. On that day, plaintiff's counsel advised the Court that plaintiff's right to retain for its own use moneys recovered in this case depended on the outcome of a proceeding then pending between plaintiff and the United States Government before the Armed Services Board of Contract Appeals. This proceeding involved the claim of the Government that all retroactive price refunds received by plaintiff from defendant on military axle subcontracts were required to be paid over to the Government.

Plaintiff's counsel stated to the Court that if the case before the Board of Appeals, which would also be reviewed by the United States Court of Claims if plaintiff were unsuccessful before the Board, was ultimately decided against plaintiff, the case at bar would, for all practical purposes, be rendered moot, because plaintiff would have to pay over to the Government any moneys it recovered. Counsel stated that plaintiff was anxious to expedite its case against the Government because the Government was holding over $1,500,000 of plaintiff's money without interest. The District Court continued the case to enable the parties to determine how long it would take to bring the other proceeding to a conclusion.

In April 1958, plaintiff filed an amended complaint. In July 1958, plaintiff filed answer to the remaining interrogatories submitted by defendant.

After the Board of Contract Appeals determined it had no jurisdiction, plaintiff, in September 1958, filed suit against the Government in the United States Court of Claims. The Government counterclaimed, raising the issue of its right to refunds received by plaintiff from defendant. There is no dispute that a decision of the Court of Claims adverse to plaintiff would render moot for practical purposes, the case pending in the United States District Court.

On November 20, 1958, Judge Campbell entered an order which sets forth the chronology to that time. The order stated in part: "(a) This cause is continued generally until a final determination of the said claim of the United States Government to the said sum of $1,529,737.90, under Contract No. DA-11-022-ORD-1216, or until otherwise ordered by the Court. * * *"

The Court continued generally the time within which defendant might answer the amended complaint and other matters. To this day, defendants have not filed an answer to the amended complaint.

On December 15, 1959, defendant moved to restore the case to active status on the ground that it then appeared that the case in the Court of Claims would not be decided for a substantial period of time. Plaintiff pointed out that defendant was, in fact, a mere stakeholder in this controversy and would not be prejudiced by a postponement of the case. On December 28, 1958, Judge Campbell denied defendant's motion to restore the case to active status.

In 1961, this case was transferred to the calendar of United States District Judge James B. Parsons. On various dates during 1961, 1962 and 1963, Judge Parsons set this case for trial. However, the case was not at issue since defendant had never filed an answer to the amended complaint. Defendant's counsel acknowledged in court "If Harvester loses in the Court of Claims that will dispose of this suit * * * We will automatically win if they lose in the Court of Claims."

The case in the Court of Claims was tried by a Commissioner during 1960 and 1961. Plaintiff says the case was complicated by the Government's submission of new issues through added counterclaims during the course of the trial. Following the submission of proposed findings and briefs, the Commissioner filed his findings on December 21, 1962. Both parties then filed objections to the findings and also filed briefs in the Court of Claims.

Apparently nothing further happened in the Court of Claims for a period of nearly two years from December 21, 1962, except the filing of briefs. On December 19, 1963, plaintiff's attorney informed Judge Parsons that all briefs had been filed leaving only the oral argument to be held before that Court. This case was thereupon continued to February 20, 1964. On that date, plaintiff's counsel advised Judge Parsons that the plaintiff was waiting for the Court of Claims to set a date for oral argument.

On oral argument before this Court, we were informed that the Court of Claims had scheduled oral argument for December 2, 1964. This opinion is being written before December 2, and having no information to the contrary we are assuming that the case in the Court of Claims will be argued on that date.

Judge Parsons indicated his great concern because this case has been pending for some seven years and was the oldest case on his calendar. He suggested the possibility of dismissing the case with leave to reinstate. The attorney for the plaintiff suggested his concern about the statute of limitations in the event the case were dismissed. Judge Parsons informed counsel he would enter an order within a few days.

On February 28, 1964, the District Court, on its own motion, entered the order appealed from. Portions of the order are as follows:

"(4) The delay in disposing of the Court of Claims litigation has been far greater than was anticipated at the time this cause was con-

tinued generally. As of the latest status report on February 20, 1964, it remains uncertain just when the Court of Claims proceedings will be concluded.

\* \* \* \* \*

"(6) However, it would be unfair to the plaintiff if, following a dismissal for want of prosecution with leave to reinstate, his attempt to reinstate the presentation were barred by the statute of limitations governing this action.

"In view of the foregoing, the Court orders as follows: Pursuant to Rule 41(b), Federal Rules of Civil Procedure, the Court, on its own motion, hereby dismisses the present action, and grants leave to the plaintiff Harvester to reinstate this action, but not before entry of the final judgment in the related proceedings in the Court of Claims and not later than 90 days thereafter; provided that, the defendant Rockwell shall be estopped from asserting the statute of limitations as a defense to an action reinstated by the plaintiff in accordance with the above conditions."

On March 9, 1964, plaintiff moved to vacate the order of dismissal. Plaintiff advised the Court that it was appreciative of the Court's efforts to protect the plaintiff's rights and the Court's desire to rid its docket of a 1956 case. Plaintiff pointed out, however, that it feared the protective portions of the dismissal order might be invalid, and that the plaintiff runs a grave risk of being unable to reinstate this case in the event it obtains a favorable decision from the Court of Claims. Plaintiff told the Court that rather than suffer a dismissal of its case, it stood ready to proceed to trial immediately. The District Court denied plaintiff's motion to vacate.

Plaintiff has appealed from the order of February 28, 1964, dismissing this case, and from the order of April 10, 1964 denying plaintiff's motion to vacate.

■ It should be noted that Judge Parsons based his authority for the order of dismissal upon Rule 41(b), Federal Rules of Civil Procedure. The pertinent part of that rule provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action \* \* \*." It is apparent this rule cannot be the proper basis for the order of dismissal herein.

There was no failure on the part of the plaintiff to prosecute. The plaintiff, at all times, has moved promptly in the prosecution of this case. Moreover, up to this moment, the case is not at issue, for the defendant has not filed an answer or other response to the amended complaint. Also, as hereinbefore indicated, plaintiff's counsel informed the Court that it stood ready to proceed to trial immediately. It is thus apparent plaintiff has not failed to comply with the rules or any order of the court below. All pretrial discovery was promptly concluded. Answers have been filed by plaintiff to all written interrogatories. We hold Rule 41(b), Federal Rules of Civil Procedure, did not authorize the dismissal order entered herein.

■ We are also of the view that the provision in the dismissal order which estops the defendant from hereafter asserting the defense of the statute of limitations, is of doubtful validity. We think the plaintiff was fully justified in not desiring to place reliance on that provision in the order when it had at stake its claim for more than a million dollars.

There is a scarcity of authority on the question of the validity of such a provision. However, in Schildhaus v. Moe, 2 Cir., 319 F.2d 587, the Court of Appeals held that a trial court was not authorized to issue an injunction on condition that "plaintiff shall not plead or otherwise assert any defense based upon any statute of limitation in any subsequent proceedings" involving the same claim.

An additional basis for plaintiff's concern is that defendant had full opportunity to assure the District Court that it did not intend to assert the statute of limitations in the event plaintiff sought to reinstate this case, but defendant failed to give such assurance.

We fully realize the concern which Judge Parsons had by reason of this old case being on his calendar undisposed of, but the blame, if any, was on the Court of Claims. Judge Parsons could have entered an order holding further proceedings in the case at bar in abeyance, and this case then would not have been considered a pending case in his Court on the records kept by the Administrative Office of the United States Courts.

The order of the District Court dated February 28, 1964, is reversed, and this cause is remanded to the District Court with directions to enter an order restoring the case to the regular docket of the Court.

Reversed and remanded.