Alice C. **PETTENGILL**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

**Rae Hansen KENDRICK**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

Alice C. **PETTENGILL**, Administratrix,
etc., Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

Nos. 64 C 2143–64 C 2145.

United States District Court
N. D. Illinois, E. D.

Feb. 16, 1966.

William N. Haddad and Rollin C. Huggins, Jr., Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for plaintiffs.

Edward V. Hanrahan, U. S. Atty., Thomas J. Curoe, Asst. U. S. Atty., Chicago, Ill., for defendant.

PARSONS, District Judge.

These are three tax refund actions to recover about $67,000 in income taxes alleged to have been erroneously assessed against, and collected from, the estate of Arthur S. Hansen, for the years 1955 through 1958.

Case No. 64 C 2145 is brought by the decedent's widow, Alice C. Pettengill, as Administratrix of his estate, to recover the entire $67,000 allegedly due the estate. Case No. 64 C 2143 is a claim by the widow, individually, to recover a one-third share (as one of three heirs sharing equally) of any overpayment of

taxes by the estate. Count Three of Case No. 64 C 2144 is a claim by the decedent's daughter, Rae Hansen Kendrick, also to recover her one-third share. (The other daughter, Karen Hansen Lotz, a resident of Florida, has filed a similar action there to recover the remaining one-third share). The widow also sues individually in Case No. 64 C 2143, Count I, to recover taxes paid out of her own money under a joint income tax return for the year 1955, which she filed on behalf of herself and the estate.

The United States has moved to dismiss the above claims on various grounds. The cases have been consolidated for pretrial purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and are presently before the Court for ruling on defendant's motions.

■ Taking as true the allegations of the complaint, as they must be in ruling upon a motion to dismiss, it appears, among other things, that the decedent, Arthur S. Hansen, owned and operated an actuarial service business. On January 28, 1955, he died. His widow, Alice, was appointed Administratrix of his estate on February 7, 1955, by the Probate Court of Lake County, Illinois.

During the administration of the estate, the widow, as Administratrix, filed income tax returns required of fiduciaries for the years 1955 through 1958. She paid taxes assessed thereunder. For the year 1955, she filed a joint income tax return on behalf of herself and the decedent. Taxes on this return were paid out of her own funds. On April 14, 1959, she filed claims for refund, individually and as Administratrix, with the Commissioner of Internal Revenue. Nine days later, the estate was closed, when its assets (including the claims for refund) were distributed to the heirs and Alice was discharged as Administratrix. Subsequently, the claims for refund were disallowed. Recently, the instant cases were commenced, just a short time before the running of the statute of limitations would bar bringing these actions.

I.

The Government seeks dismissal of the suit brought by Alice C. Pettengill, as Administratrix of the estate, on the grounds: (1) That Alice lacks capacity to sue on behalf of the estate for a tax refund due the estate once it has been closed and she has been discharged, and (2) that the estate is no longer a real party in interest, since any claims for refund passed from the estate to the heirs by operation of law upon the final settlement of accounts and distribution of the assets of the estate.

It is unnecessary to distinguish between defendant's two contentions on this matter in view of plaintiff's own acknowledgment, in her complaint and subsequently in her briefs, that the claims for refund were among the assets of the estate which vested in, and were distributed to, the three heirs in equal shares at the time the Administratrix' final account was approved and the estate closed.

■ The final distribution of the assets of the estate constituted an assignment by operation of law, which is not proscribed by the anti-assignment statute, 31 U.S.C. § 203. Erwin v. United States, 97 U.S. 392, 24 L.Ed. 1065 (1878); United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Kinney-Lindstrom Foundation v. United States, 186 F.Supp. 133 (N.D. Iowa (1960)) (executor cannot assign tax refund claim while estate is still open and executor is still serving). Upon distribution, the estate lost any interest in the claims for refund. Despite the logic, simplicity, economy, convenience to all parties and to the Court, and general desirability of having the Administratrix of an estate bring a single action for refund of taxes, it is equally logical and desirable that the legal representative of an estate act while under local law that estate is still in existence. Any exception to this rule would destroy

fundamental law relating to decedents' estates.

The estate is no longer a sufficient legal entity to be a real party in interest here, and therefore cannot have attributed to it a standing to sue. If the estate were reopened by the Lake County Court, I, thereafter, could recognize its legal representative. That, however, is not the situation here. Accordingly, defendant's motion to dismiss Case No. 64 C 2145 must be, and the same hereby is, allowed.

## II.

Defendant also seeks dismissal of the alternative individual refund claims of two heirs, who here seek to pursue the same course that has been set by a third heir, who has brought an individual refund action in a Florida District Court.

The Government contends that where claims for refund of income taxes paid by an estate have been distributed to the heirs, the heirs may not maintain separate actions for their respective shares, but, rather, they are all required to join, as indispensable parties, in a single action. Many practical administrative considerations justify this contention.

At the same time, the heirs might have brought their individual claims in one forum, to be tried by one jury, were it not for a venue provision. Section 1402 of Title 28 precludes the filing of a tax refund action in a district in which plaintiff is a nonresident. Many practical administrative considerations justify this provision. Accordingly, the Florida heir could not have sued in this district. A still further procedural obstacle would prevent transfer of the Florida action to this Court, no matter how convenient this forum might be. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Adoption of the Government's position would bar suit in a Federal District Court in all cases such as this, whenever heirs reside in different states.

The heirs here could all have sued in the distant Court of Claims, but trial by jury would not be available. They chose to file refund actions in their respective districts of residence. The crucial issue thus raised by the Internal Revenue Service is whether the absent Florida heir, kept absent here by virtue of Internal Revenue Law, is an indispensable party to the instant actions. "Wherefore, these actions may not be maintained." There are no reported decisions directly in point.

It has been said that the conceptual test of "indispensability" under Rule 19 of the Federal Rules of Civil Procedure is both incomprehensible and nondescriptive of what Courts do in fact. Wright, Proposed Changes in Federal Civil Procedure, 35 F.R.D. 317, 336–337 (1964). Situations in which the rule has been invoked present two conflicting interests. On the one hand, it is desirable not to proceed until all interested persons have been made parties, so that an absentee's interests will not be prejudiced, and multiplicity of suits can be avoided. On the other hand, it is frequently impossible to join all interested persons, and the Courts prefer to give plaintiffs such relief as can fairly be given, rather than send them away without remedy, because there is no forum in which everyone can be joined. See, Payne v. Hook, 74 U.S. (7 Wall.) 425, 431, 19 L.Ed. 260 (1869). Viewing carefully these conflicting interests, the Supreme Court said that "indispensability of parties is determined on practical considerations", not on inflexible rules. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955).

Proposed Amended Rule 19 (34 F.R.D. 379–383) codifies modern judicial thinking on compulsory joinder, enumerating the relevant factors considered by Courts in the discretionary balancing of interests. The Court, in exercising its discretion, should consider whether judgment in the absence of an allegedly "indispensable" party would prejudice him or the existing parties, the extent to which the relief can be shared to lessen or avoid prejudice, whether judgment in his absence would be adequate, and whether plaintiffs have any other adequate remedy if the action is dismissed. Accord, Green v. Green, 218 F.2d 130

(7th Cir. 1954), cert. denied, 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250.

The Government explains the many problems it faces in multiplicity of suits, if numerous heirs in different localities were allowed to maintain separate refund actions for taxes overpaid by an estate. In the same voice, the Government explains the many problems it would face if a taxpayer were permitted to sue for refund in a district other than that of his residence. The paralleling of these two separately understandable aids to orderly administration of the Internal Revenue Laws creates a dilemma for the taxpayer. The practical aspects of both sides must be weighed in determining the question of indispensability.

In the instant case, each heir has asserted claims for refund of taxes paid personally, as well as those paid by the estate. Such joinder is required by the rule that an individual taxpayer cannot maintain successive suits on different items for the same year. Chicago Junction Railways v. United States, 10 F. Supp. 156, 80 Ct.Cl. 824, 1935; Bowe-Burke Mining Co. v. Willicuts, 45 F.2d 394 (D.Minn.1930). Accord, Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). There are now two lawsuits pending in this Court (the suit on behalf of the estate having just been dismissed) and one in Florida. If the Government's motions were allowed, there would still be three personal refund actions, and, in addition, there might have been the fourth action, in which all the heirs would have been joined before the Court of Claims seeking overpayment of taxes by the estate.

Unfortunately, dismissal of the instant actions would leave the heirs totally without remedy as to their estate refund claims, since the applicable statute of limitations already has run. § 3772(a) (2) Internal Revenue Code of 1939. Even if the statute could be tolled by a transfer-on-condition or estoppel approach, this action could not be transferred to the Court of Claims under 28 U.S.C. § 1406 (c) because its jurisdiction is not "exclusive". If, as must be assumed in ruling upon defendant's procedural motions, each heir is entitled to a tax refund which may well exceed $22,000, a manifest substantive injustice results from the pursuit of procedural requirements.

I reject any suggestion that the Government, by the position it takes in these cases, seeks to block plaintiffs' claims in order to become unjustly enriched. It seeks only to maintain unabridged, even by these cases, important procedural restrictions which serve in the many less complicated situations than these, and, in the long run, to protect the general best interests of all.

It is true that the Government might have agreed to waive the procedural defenses of improper venue and statute of limitations to an action filed in this district by the Florida heir. Compare, International Harvester Co. v. Rockwell Spring & Axle Co., 339 F.2d 949, 953 (7th Cir. 1964). Conceivably, the Government might agree not to assert the anti-assignment statute if the heirs were to reopen the estate case in Lake County and then reassign their unlitigated claim for refund of taxes paid by the estate back to its representative, who in turn could then reopen Case No. 64 C 2145 just dismissed.

If I find the Florida heir dispensable, the Government must defend three suits. The same defense should serve all three cases. If I find her indispensable, the taxpayers are completely deprived of any remedy. Since for the purposes of the motion before me I must assume the remaining claims before me to be valid and allowable, it seems to me that the practical considerations to which the Supreme Court referred in Shaughnessy v. Pedreiro, supra, and to which the 7th Circuit referred in Green v. Green, supra, weigh more heavily in favor of the dispensability of the Florida heir than in favor of her indispensability. I do so find, and, accordingly, defendant's motions to dismiss Count V of 64 C 2143 and Count III of 64 C 2144 must be, and the same hereby are, denied.

### III.

One further matter remains for disposition. It is the Government's motion to dismiss the widow's individual action to recover taxes paid under a joint return for the year 1955 out of her own money. The Government contends that the estate must be joined as a party plaintiff, for the reason that one of the taxpayers on a joint income tax return may not sue alone for refund of taxes paid thereupon out of plaintiff's own money. No authority has been cited in support of this position. Considering Revenue Ruling 56–92, 1956–1 C.B. 564, it would seem that joint and several *liability* for underpayment produces a concomitant joint or several right to *recovery* for overpayment of taxes. Here, the widow herself, individually, paid all of the taxes under the joint return out of her own personal funds. Under these circumstances, I find no basis upon which I can refuse to permit her to maintain her action individually.

Accordingly, defendant's motion to dismiss Count I of Case No. 64 C 2143 must be, and the same hereby is, denied.