**216**

**CAMPBELL FARMING CORPORATION**
v.
**The UNITED STATES.**
No. 413–54.

United States Court of Claims.

June 7, 1955.

Keith L. Seegmiller, Washington, D. C., for plaintiff. William B. Waldo, James H. Kilbourne, and Coleman, Jameson & Lamey, Billings, Mont., were on the brief.

Gilbert E. Andrews, Arlington, Va., with whom was Asst. Atty. Gen., H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues to recover income taxes which, it asserts, were illegally and erroneously assessed and collected. The Government has moved to dismiss the plaintiff's petition on the ground that it does not state a cause of action. The specific basis of the Government's motion is that the plaintiff's petition shows that the taxes in question were not the plaintiff's taxes, but the taxes of another corporation, the United States Wheat Corporation. The Government says that, in the circumstances shown in the plaintiff's petition, the plaintiff cannot recover the taxes, even though it should persuade us that they were illegally and erroneously assessed.

The plaintiff is a large farming corporation. On April 15, 1949, it entered into a contract with the United States Wheat Corporation, hereinafter called Wheat, whereby substantially all of its assets were sold to Wheat for $2,000,-000. On that same date the plaintiff, by another contract, agreed to manage, for Wheat, the farming business which it had sold to Wheat.

Wheat was organized, at about the time of these two contracts, as a charitable, nonprofit corporation. The articles of incorporation provided that it would be operated exclusively for charitable purposes, and that all profits, above

operating and administrative expenses, would be given to the Sacred Heart Foundation Fund, Inc., a charitable, non-profit organization which was tax-exempt.

On or about July 11, 1952, the Deputy Commissioner of Internal Revenue ruled that Wheat was not a tax-exempt organization. Wheat thereupon filed an income tax return for the calendar year 1950, which return showed taxes due in the amount of $21,273.31, and interest thereon of $3,829.20. Wheat did not, however, pay this tax. By an agreement dated August 11, 1952, the plaintiff and Wheat released each other from further performance under their two contracts of April 15, 1949, and, in addition, the plaintiff agreed to pay the income taxes assessed against Wheat. The retransfer of assets from Wheat to the plaintiff left Wheat practically devoid of assets and insolvent. The plaintiff paid the 1950 tax, and interest, and filed a timely claim for refund. The claim not having been acted upon for six months, the plaintiff brought this suit.

█ If the plaintiff was a mere interloper, or volunteer, which paid taxes assessed against another, it cannot recover, even though the taxes were not owing. Stahmann v. Vidal, 305 U.S. 61, 64, 59 S.Ct. 41, 83 L.Ed. 41. Section 7422(a) of the Internal Revenue Code of 1954 provides that no suit for the recovery of any internal revenue tax shall be maintained in any court until a claim for refund has been filed according to "the provisions of law in that regard". Section 322(b) (1) of the Internal Revenue Code of 1939, which is the law for the instant case, requires the filing of a claim for refund by the taxpayer, and, in section 3797(a) (14) defines the taxpayer as the person "subject" to the tax.

█ The question is, then, whether the plaintiff was, when it paid the tax here in question, "subject" to the tax. It says that it was so subject, because it was a "transferee" of Wheat. Section 311(a) of the Internal Revenue Code of 1939 says:

"(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter. * * *"

This court held in Continental Oil Co. v. United States, 14 F.Supp. 533, 541, 83 Ct.Cl. 344, certiorari denied 301 U.S. 694, 57 S.Ct. 921, 81 L.Ed. 1349, that a transferee which had received all the assets of a company originally liable for income tax, and had agreed with its transferrer to pay the tax, was liable "at law and in equity" for the tax. In United States v. Updike, 281 U.S. 489, at page 494, 50 S.Ct. 367, at page 368, 74 L.Ed. 984, the Court, in construing the statute which we have quoted above, said:

"The aim in the one case, as in the other, is to enforce a tax liability; * * *. Indeed, when used to connote payment of a tax, it puts no undue strain upon the word 'taxpayer' to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax."

In Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289, it was held that one who was made liable for taxes as a transferee, but disputed the liability, could contest the assessment in the Board of Tax Appeals, or could sue

the United States for the return of the taxes, if they had been paid.

We think that in the circumstances recited in the plaintiff's petition, if the plaintiff had not paid the tax it would inevitably have been collected from the plaintiff by the regular enforcement machinery. The plaintiff was therefore "subject to the tax" and has standing to sue for its refund, if it can, upon further proceedings, persuade us that no tax should have been imposed.

The defendant's motion is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.