This rather colorful tax case comes before the court on defendant’s motion to dismiss and plaintiffs cross-motion for summary judgment. Plaintiff, the sole beneficiary of the estate of her late husband, seeks the recovery of taxes allegedly overpaid by the estate due to an assumption later proved false. Defendant maintains that the court lacks jurisdiction because of plaintiffs failure previously to file an administrative claim for refund under I.R.C. §7422(a); the Government says, in addition, that it is now far too late to remedy this defect since the limitation periods prescribed by I.R.C. §6511(a) for the filing of a refund claim have long expired. In response, plaintiff insists that her claim does not fall within I.R.C. §§6511(a) and 7422(a) but, rather within certain exceptions thereto. Thus, it is her contention that she may avail herself of the six-year statute of limitations and other generally applicable procedures in this court, under which she allegedly would qualify. Plaintiffs inventive counter-arguments, however, are ultimately without foundation. Consequently, we hold her action to be procedurally barred.
On October 13, 1970, Henry Fletcher executed a deed conveying his only asset, 1127 acres of Georgia farmland, to his brother, Jehue Fletcher.[1] Henry Fletcher was a man of pitiably low mental capacity, wholly in the care of his brother. The conveyance merely formalized Jehue’s longstanding exercise of control over the farmlands. The recited *562 consideration was only "Five dollars and other valuable consideration”, although the estimated value of the property was over $350,000.
Jehue Fletcher died on June 2, 1972, naming his wife Mary as the sole beneficiary and executrix of his estate. In the latter capacity, Mary Fletcher filed a federal estate tax return on March 3, 1973. Final payment was made on March 7,1974. Included in the estate were the 1127 acres of Georgia farmland which had been deeded to Jehue by his brother in 1970.
Henry Fletcher died intestate on January 20, 1976. On March 17, 1976, the administratrix of Henry’s estate, a relative, filed a civil action in Georgia state court seeking to set aside the deed of October 13, 1970 on the grounds of mental incapacity of Henry and undue influence by Jehue. The jury rendered a verdict setting aside the deed and judgment was entered thereon. The Georgia Supreme Court subsequently affirmed. Fletcher v. Fletcher, 242 Ga. 158, 249 S.E.2d 530 (1978).
Mary Fletcher filed in this court on December 18, 1979. She contends that, in view of the unforeseen litigation costs met in defending title to the Georgia farmland and the subsequent voiding of title thereto, the amount of estate tax liability assessed against the Jehue Fletcher estate was excessive. Specifically, she alleges an overpayment of $58,951.08 and now seeks recovery of that sum together with interest and costs.
The central issue in this case is whether plaintiffs cause of action is procedurally barred. Under I.R.C. §7422(a), "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary. . . .” Plaintiff herein has not yet filed such a claim. Moreover, the allowable time for filing such a claim, as provided in I.R.C. §6511(a), has now expired: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed *563 or 2 years from the time the tax was paid, whichever of such periods expires the later. . . In this case, plaintiff filed suit in the Court of Claims approximately 6 years and 9 months after the estate tax return was filed and 5 years and 9 months after final payment of the tax sought to be recovered. See Sun Chemical Corp. v. United States, 218 Ct.Cl. 702 (1978).[2]
Plaintiff makes an ingenious response to this predicament. She contends that, in actuality, the remedy which she pursues is in no way connected with the Internal Revenue Code. Instead, her claim is purportedly founded upon the fifth amendment taking clause and upon an implied contract binding the Government to make restitution. As a consequence, the six-year statute of limitations, 28 U.S.C. §2501 (1976), and other procedures generally applicable in this court would govern rather than the more stringent requirements prescribed by the 1954 Code. Plaintiffs counter-arguments, however, must fail.
A recognized exception to the refund-claim requirements of §§7422(a) and 6511(a) is a suit in implied contract to have restitution of a sum not collected on the plaintiffs own taxes but applied to the tax debts of others. See e.g., Collins v. United States, 209 Ct.Cl. 413, 419, 532 F.2d 1344 (1976); Fidelity & Casualty Co. v. United States, 203 Ct.Cl. 486, 493, 490 F.2d 960 (1974); Ralston Steel Corp. v. United States, 169 Ct.Cl. 119, 127, 340 F.2d 663, cert denied, 381 U.S. 950 (1965); J. C. Pitman & Sons, Inc. v. United States, 161 Ct.Cl. 701, 705-706, 317 F.2d 366 (1963). In Kirkendall v. United States, 90 Ct.Cl. 606, 613, 31 F.Supp. 766 (1940). In Kirkendall, for example, money belonging to plaintiff and *564 her late husband was wrongfully confiscated by the Government and applied as a credit against a tax assessment alleged to be due by a third party, a business associate of the late Mr. Kirkendall. There is a problem, however, in that order to maintain an action for the refund of taxes under the Internal Revenue Code, the plaintiff must be the taxpayer who has overpaid his own taxes. See Collins v. United States, 209 Ct.Cl. at 419 n.2, 532 F.2d at 1347. In other words, persons in a Kirkendall-type situation lack standing to bring a tax refund action, although their monies have clearly been applied to the satisfaction of a tax liability. In order to remedy this anomalous situation, this court has permitted these "non-taxpayers” to proceed under a theory of implied contract. See Kirkendall v. United States, 90 Ct.Cl. at 613, 31 F.Supp. at 769.
On the other hand, this court has rejected the notion that taxpayers should also be eligible to proceed in implied contract when seeking recovery of funds allegedly overpaid on their own taxes. See West Publishing Co. Employees’ Preferred Stock Ass’n v. United States, 198 Ct.Cl. 668, 677 (1972). To allow taxpayers the option of proceeding at will either under the tax code or separate and apart therefrom would clearly defeat the purposes for which the refund-claim procedures in the tax code were established. See id. at 673-675.
Mrs. Fletcher contends that she is not in actuality the "taxpayer” and therefore should be free to pursue an implied contract remedy. Admittedly, plaintiff is not the estate of Jehue Fletcher, the legal entity from which the estate taxes were collected. Nonetheless, as the sole beneficiary thereof, plaintiff succeeded by operation of law to whatever refund claims the estate may originally have had. See Pettengill v. United States, 253 F. Supp. 321, 322 (N.D. Ill. 1966); Rev. Rul. 73-366, 1973-2 C.B. 408. See also Campbell Farming Corp. v. United States, 132 Ct.Cl. 341, 343, 132 F. Supp. 216, 217 (1955). This being the case, plaintiffs situation differs sharply from that of the "non-taxpayers” in Kirkendall and its progeny. The essential reason for allowing them to proceed in implied contract is simply not operative in her own case. Both in form and substance, Mrs. Fletcher’s circumstances are indistinguish *565 able from those of the ordinary taxpayer who personally overpays his own taxes. She should be treated according to the same rules.
Plaintiffs "unconstitutional taking” argument also reflects an unsound legal premise. It is well settled that normal governmental operations under the taxing power, U.S. CONST, art. I, §8, cl.l, do not implicate the taking clause. See Pittsburgh v. Aleo Parking Corp., 417 U.S. 369 (1974); Magnano v. Hamilton, 292 U.S. 40 (1934); Jacobs v. Gromatsky, 494 F.2d 513 (5th Cir.), cert. denied, 419 U.S. 868 (1974).
All other arguments raised by plaintiff, although not directly addressed by this order, have been considered and found to be without merit.
Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiffs cross-motion for summary judgment is denied. Defendant’s motion to dismiss is granted.[3] Plaintiffs petition is dismissed.

 The facts are drawn in part from the Georgia Supreme Court’s opinion in Fletcher v. Fletcher, see infra.

 In Kellogg-Citizens Nat'l Bank v. United States, 165 Ct.Cl. 452, 330 F.2d 635 (1964), this court left open the question "whether there can 'be a case in which the statute of limitations bars recovery before the right to recover accrues’”. Id. at 459. The court was referring to a situation "in which the events invoked by the taxpayer for his refund claim first occurred after the general limitations period had expired.” Id. In the instant case, the crucial event "Erst occurred” on March 17,1976, the date upon which the Georgia civil action was commenced — more than three years after the filing of the estate tax return and more than two years after final payment thereon. It was upon that date that "the taxpayer leam[ed] of the events causing, or likely to cause, a diminution in his liability.” Id. The taxpayer then permitted more than three years to elapse before finally filing in this court on December 18, 1979. Since this lapse of time exceeds the longest limitation period prescribed by I.R.C. §6511(a), we decline to reach the question left open by Kellogg-Citizens. See also Walkden v. United States, 1 A.F.T.R. 2d 2060 (N.D. Ohio 1957), aff'd, 256 F.2d 681 (6th Cir.), cert. denied, 358 U.S. 825 (1958).

 Defendant also filed a motion for a continuance under Rule 101(g). The Government requested, however, that we grant the continuance only in the event that its motion to dismiss should be denied. In view of our disposition of the case, we deny defendant’s motion for a continuance.